ONE 1948 FORD TUDOR AUTOMOBILE et al. v. STATE ex rel. FIELD.

No. 34791. Sept. 23, 1952.

*248 P. 2d 593.*

Hugh Conway, Enid, for plaintiffs in error.

Earl B. Mitchell, Jr., Co. Atty., and Joe H. Glasser, Asst Co. Atty., Garfield County, Enid, for defendant in error.

HALLEY, V.C.J. On February 8, 1950, the county court of Garfield county, Oklahoma, entered a judgment that one 1948 Ford two-door automobile, Motor No. 399A2355310, be forfeited to the State of Oklahoma, on the ground that it was being used illegally for the transportation of intoxicating liquor, after finding that such car was owned by Boyd Green and being driven, while being so used, by John Ross Bayless, both of whom were defendants in this action. They have appealed, and will be referred to by name or as "defendants."

There is little conflict in the evidence. Highway Patrol Officers Abla and Venamon and Lelon Coyle, sheriff of Garfield County, testified for the state, while John Ross Bayless was the only witness for the defendants.

At about 8 p.m. November 9, 1949, officers Abla and Venamon were on duty and were driving a patrol car en route to the home of Officer Abla at 3209 North Fifth street in the city of Enid, Oklahoma. While driving north on Grand street, the normal route to Officer Abla's home, the Ford car involved pulled in front of the patrol car. The Ford car was being driven at about 15 or 20 miles per hour by John Ross Bayless, who failed to signal the turn into north Grand street. The Ford car proceeded ahead of the patrol car and turned right (east) on the street toward Abla's home. It slowed down to about 10 or 12 miles per hour along the center of the dirt street. The Ford then turned left (north) on Fifth

street, again without signaling a turn, and reduced its speed to about five miles per hour. Officer Venamon then turned the spotlight on the Ford, which turned left (west) into the driveway of Officer Abla's home, again without giving a signal.

Officer Abla stepped out of the patrol car and approached the Ford. Bayless got out of the Ford and told Abla that he knew the person in whose driveway he was parked, that "a fellow lives here", and that he had not been drinking. After examining Bayless's driver's license, Officer Abla projected the beam of his flashlight into the interior of the Ford. The beam of light disclosed three boxes marked "Kentucky Tavern" and a part of a case of bottles in which the sealed necks of the bottles were visible, being partly under a blanket.

The officer said to Bayless "You have a load of whisky", and Bayless replied, "Yes, sir." Officer Abla called to officer Venamon, who also approached the Ford, and told the facts to him, and advised Bayless he was under arrest, and then opened the door of the Ford and found the whisky mentioned and two bottles on the front floorboard and a case in the trunk of the car. On cross-examination, Officer Abla admitted that the Ford's slow speed in the center of the street, and the failure of the driver to signal turns, led him to suspect that the driver was under the influence of intoxicating liquor, but that this proved not to be true.

Upon questioning by the court, Officer Abla stated that he would have followed the Ford had it not stopped in his driveway. He also admitted that upon flashing his light into the Ford after it had stopped, he could not see the word "Whisky" on the bottles, of which only the sealed tops were visible; but no charges were filed against Bayless other than those of possession and transportation of whisky. Officer Venamon testified, on being recalled, that he believed that Officer Abla arrested Bayless before he opened the door of the Ford and made a complete search.

The testimony of Bayless was generally in accord with that of the officers, but he did testify that after he turned onto Fifth street he traveled on the right side of the street and left plenty of room for the officers' car to pass, but that they remained behind and kept their spotlight on his car; that when Officer Abla approached him after they stopped, he was asked what he had in his car, and told the officer he had "nothing", and the officer then opened the car door and "kicks the blanket up". That the whisky in the Ford was covered by an army blanket; that the officer used the flashlight to look under the blanket, and jerked it up and said, "You haven't got much in here, have you?" That it was after the officer found the whisky that he was arrested; that the whisky could not be seen unless the blanket was first removed.

The only legal question is whether or not the arrest, search, and seizure were illegal, being made without warrant. Under the ruling in Worley v. State, 77 Okla. Cr. 154, 140 P. 2d 246, it is distinctly stated that when an arrest without warrant may be made without violating constitutional provisions prohibiting unreasonable searches and seizures "is to be determined as a judicial question in view of all the circumstances under which it is made."

Section 196, 22 O.S. 1951, states four conditions under which an officer may arrest without a warrant. The first one only is applicable here, and states "for a public offense committed or attempted in his presence." In view of the foregoing facts of law, the decisive question is: Was the offense committed in the presence of the officer?

It has been held many times that an offense is not committed in the presence of an officer if the officer does not know of the act which constitutes the offense. A late case announcing this rule is Padgett v. State, 90 Okla. Cr. 269, 213 P. 2d 580. Syllabus 1, 5, and 7 are as follows:

"1. Where an offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted to be committed in officer's presence."

"5. An automobile is not such an agency that officers may search it at any time or place merely because they have suspicion that liquor is stored therein."

"7. As a rule, two elements must concur to constitute an offense in the presence of the officer: (1) The facts or elements constituting the offense must be revealed in the presence of the officer. (2) The officer must perceive and have knowledge that such offense is being committed."

Defendant Bayless was not under the influence of intoxicating liquor when the officers approached him. The officer admitted that he flashed the beam of his flashlight into the car before arresting the defendant. The search certainly was begun by that action. At 8 p.m., in the month of November, it was dark. It must be assumed that the officer could not have seen what was in the car without the aid of a light. The officers testified that they suspected from defendant's manner of driving that he had been drinking. When officer Abla approached defendant, he found that such suspicion was unfounded. There was no pretense that the defendant was arrested for illegal driving. He was arrested after the officers flashed a light into his car and suspected that it contained whisky. They had only a suspicion, and did not have actual knowledge that the offense of illegal possession and transportation was being committed in their presence. It was only after they had made a partial search that it came to their knowledge that defendant was committing an offense. The officers admit that they did not arrest defendant for any infraction of the traffic code, but solely for possession and transportation of whisky.

There is no question but that the defendant was violating the law against possession and transportation of whisky; but the officers, until after they be-

gan their search, did not know of the acts constituting either of these offenses. They had a suspicion that he was violating the law against driving while under the influence of intoxicating liquor, but they admit that they were in error as to this. They did not even have a suspicion that the defendant had possession of and was transporting liquor when they began their search. They state that they flashed the light into the car to ascertain whether or not someone else was concealed in the car. We think the facts clearly place the case within the rule so well established in this state, that an officer may not search and arrest without warrant upon a mere suspicion that an offense is being committed, as said in the seventh syllabus of Padgett v. State, supra.

Plaintiff cites Edwards v. State, 83 Okla. Cr. 340, 177 P. 2d 143, wherein it is said:

"Certainly, an officer has a right to search an automobile when he sees whiskey through the window * * * * * * The discovery * * * was made, independent of a search, and not incident to a search without a warrant."

The discovery in this case was not made "independent of a search", as in the Edwards case. Here the search began by putting a spotlight on defendant's car as he drove along the street, or certainly when a flashlight was used to see what was in the car. The state admits in its brief that the officer did not know the Ford was being used to transport whisky until the beam of his flashlight revealed some sealed bottlenecks in the car. We cannot agree with the contention that such acts on the part of the officer did not constitute a search. The officer was searching with a flashlight when this discovery was made.

The officer had a right to make an arrest without warrant under §366, 47 O.S. 1951, but he evidently made no effort to arrest for the acts named in that section, but arrested the defendant solely on account of possession and transportation of whisky.

Having concluded that the search and seizure were unlawful and in violation of the constitutional prohibition against unreasonable searches and seizures, the judgment of the trial court is reversed, with directions to release the automobile seized and here sought to be confiscated.

ARNOLD, C.J., and GIBSON, DAVISON, and BINGAMAN, JJ., concur. WELCH, CORN, JOHNSON, and O'NEAL, JJ., dissent.