**Lonnie Gene McKAY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14970.**

Court of Criminal Appeals of Oklahoma.

May 13, 1970.

**446**

Jay Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Tim Leonard, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Lonnie Gene McKay, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the crime of Burglary in the Second Degree After Former Conviction of a Felony; his punishment was fixed at a term of 21 years in the state penitentiary, and he appeals.

Briefly stated, the facts are that shortly after 9:00 in the evening of December 15, 1967, a Texaco Service Station located at 37th and Peoria, in Tulsa County, was burglarized. The State produced two witnesses, Mr. and Mrs. James D. Bennett, who testified that they had been parked close by the service station on the night in question, and that they noticed the defendant break into the service station and identified him as he was leaving in an automobile driven by another person. Mr. Bennett immediately called the city police, gave a description of the car used in the burglary, and also a description of the defendant. Shortly thereafter, the defendant was arrested, as was the driver of the automobile, as they were heading north on Peoria. The police officers stopped the defendant and searched the automobile, after placing the defendant under arrest.

Defendant rested his case without testifying in his own behalf, or offering any evidence.

The defendant contends that the arrest without a warrant was based on mere suspicion and that the search incident to said arrest was therefore unlawful and the admission into evidence of a large quantity of change (125 quarters, 27 nickels and 38 pennies) wrapped in a blanket and found in the automobile in which the defendant was a passenger at the time of his arrest, was error.

Defendant relies upon the case of One 1948 Ford Tudor Automobile v. State ex rel.

Field, located at 207 Okl. 148, 248 P.2d 593, wherein this Court held:

"A search of an automobile without a search warrant and not as an incident of a lawful arrest, and not upon any probable cause of the commission of a felony, but upon a mere suspicion, is in violation of the Bill of Rights, Sec. 30, and evidence obtained by such a search is inadmissible."

While we are of the opinion that the authority cited by the defendant is a correct statement of law, it has no application in the instant case for the evidence as set forth above, clearly discloses that the arresting officer had probable cause, based upon reliable information received from the police dispatcher that a burglary had been committed, said broadcast describing the automobile in which they left the burglary scene, together with the tag number of said automobile and the arrest was made within minutes after this information was received by the police and dispatched to the arresting officer.

Title 22 O.S. § 196 reads:

"A peace officer may, without a warrant, arrest a person:

1. For a public offense, committed or attempted in his presence.

2. When the person arrested has committed a felony, although not in his presence.

3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

In Davis v. State, Okl.Cr., 377 P.2d 226, this Court, speaking through the Honorable John Brett held:

"The arrest was made on information received from a reliable source that a felony had been and was being committed by the defendant * * *. It is apparent therefore that the officer need-

ed no further authority to make the arrest herein."

In Davis v. State, supra, the defendant was arrested after the arresting officer had received a call from his dispatcher informing him a felony had been committed and describing the defendant's car.

In accordance with the authority above set forth, we are of the opinion that the arrest based on information received from the police dispatcher that a burglary had been committed, describing the burglars, the automobile in which they left the scene, and the license number of said automobile, was based on reasonable cause and was therefore a lawful arrest and that the search incident to said arrest was a lawful search.

For the reasons above set forth we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.