**Carl GREENE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. A–17635.**

Court of Criminal Appeals of Oklahoma.

April 6, 1973.

ficers on Main Street in McAlester, Oklahoma. The three occupants were ordered out of the Plymouth and each searched by the police. Three tinfoil wrappers containing a white powder were found in a billfold on defendant's person. Subsequent chemical analysis proved this to be heroin, and this evidence formed the basis of defendant's conviction. The arrest and search were not executed pursuant to a search or arrest warrant. The arresting officers observed no violations committed in their presence, prior to or at the time the Plymouth automobile was stopped. Defendant contends the search was unlawful and that the trial court erred in overruling his motion to suppress the evidence from the search. The State contends the search was lawful as incident to arrest.

Generally, a police search of a person, place or object is valid only if authorized by a valid warrant. Chapman v. United States, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961). One exception to the warrant requirement is a reasonable search incident to a valid arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969). Fields v. State, Okl.Cr., 463 P.2d 1000 (1970). "And while a search without a warrant is, within limits, permissible if incident to a lawful arrest, if an arrest without a warrant is to support an incidental search, it must be made with probable cause." Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed. 2d 134 (1959). Although Oklahoma Statutes provide for an officer to make a warrantless arrest for a felony not committed in his presence, the officer may do so only if he has probable cause predicated upon facts and not mere suspicion. 22 O.S.1971, § 196. Embree v. State, Okl.Cr., 488 P.2d 588 (1971); One 1948 Ford Tudor Auto v. State, 207 Okl. 148, 248 P.2d 593 (1952). Thus, our consideration turns on whether there was probable cause to make a warrantless arrest.

The test is "whether, at the moment the arrest was made, the officers had

W. G. "Gil" Steidley, Jr., McAlester, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Carl Greene, hereinafter referred to as defendant, was convicted in the District Court of Pittsburg County, Case No. CRF–71–236, of Possession of Heroin and sentenced to two years imprisonment. Judgment and sentence was imposed on February 3, 1972, and this appeal perfected therefrom.

On October 26, 1971, at approximately 5:45 P.M., the defendant and Danny Williams were passengers in a 1955 Plymouth automobile, being driven by Chris Parrish, when the vehicle was stopped by police of-

probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information was sufficient to warrant a prudent man in believing that the petitioner [arrestee] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). One does not have probable cause unless he has information of facts which, if submitted to a magistrate, would require issuance of an arrest warrant. Mere suspicion is not enough. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). An arrest is not justified if the person arresting acts only at the request of a third person who himself has only a mere suspicion of guilt of the arrestee, and does not have probable cause.[1] Whitely v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). 5 Am.Jur.2d, Arrest, § 45. The officers' "good faith is not enough to constitute probable cause. That faith must be grounded on facts . . . which in the judgment of the court would make his faith reasonable." Welch v. State, 30 Okl. Cr. 330, 236 P. 68, 70 (1925).

Two decisions of the United States Supreme Court are instructive in our consideration. In Henry v. United States, supra, the officers received information, of an undisclosed nature, from defendant's employer which implicated defendant with the theft of interstate shipments of whiskey. After receiving this tip, and after observing defendant load some cartons in an automobile and drive off, officers, without a warrant, stopped the automobile containing defendant and another man. Their search revealed stolen articles. The court held that "When the officers interrupted the two men and restricted their liberty of movement, the arrest, for purposes of this case, was complete. It is, therefore, necessary to determine whether at or before

that time they had reasonable cause to believe a crime had been committed. The fact that afterwards contraband was discovered is not enough. An arrest is not justified by what the subsequent search discloses . . . " 361 U.S. at 103, 80 S. Ct. at 171.

Since the officers had observed no incriminating actions, the loading of the packages and driving away being outwardly innocent, the only basis for arrest was the informant's undisclosed report which was insufficient to establish probable cause. The details of the report concerning defendant and "the manner in which he was implicated remain unexplained and undefined. The rumor about him is therefore practically meaningless." 361 U.S. at 103, 80 S.Ct. at 171. The court further observed that the "fact the suspects were in an automobile is not enough" to justify a warrantless, search or arrest. "It did not dispense with the need for probable cause." 361 U.S. at 104, 80 S.Ct. at 172.

In Beck v. Ohio, supra, defendant was convicted of unlawful possession of clearinghouse slips (gambling paraphernalia) found on his person after his automobile was stopped by the police without a warrant for arrest or search. The arresting officer knew what defendant looked like, knew defendant had convictions for clearinghouse or schemes of chance, and had been given information about defendant by someone. The court found these circumstances did not establish probable cause for arrest, particularly since the information or report incriminating defendant was not detailed. Thus, there were no facts and circumstances showing the officer had reasonably trustworthy information sufficient to justify belief defendant was committing or had committed an offense. When "the constitutional validity of that arrest was challenged, it was incumbent upon the prosecution to show with considerably

---

[1]. "The arresting officer was not himself possessed of any factual data tending to corroborate the informer's tip that Daley and Whitely committed the crime." Whitely v. Warden, supra, 401 U.S. at 568, 91 S.Ct. at 1037.

more specificity than was shown in this case what the informer actually said, and why the officer thought the information was credible." 379 U.S. at 97, 85 S.Ct. at 229. Since there was no probable cause for a warrantless arrest, the search incident thereto was unlawful and the fruits thereof inadmissible.

In the case now before us, Officer Coop, the arresting officer, testified defendant and others had been under surveillance for about two weeks, as the police suspected they were "dealing with narcotics." On the day of the arrest, October 26, 1971, at approximately noon, Officer Coop and the police chief talked with an informant who gave the officers several names, including defendants, Chris Parrish and Danny Williams. The details of the undisclosed informant's information were not established, other than this group might have some heroin or drugs and that there might be some drugs in a purple or maroon Dodge automobile, referred to as the Bertoldo Car. After this conversation with the informant, Officer Coop went before a magistrate and secured a search warrant for the Bertoldo Car. That warrant was not served. No other warrant was sought on the basis of this informant. During the day, Officer Coop saw the defendant and his location was known by the police, although there was no attempt to arrest him.

Officer Coop was at his home at about 5:20 P.M., when the police chief telephoned and told Officer Coop to stop certain subjects, including the defendant, and "check them out for heroin." Officer Coop then proceeded in a police vehicle to Main Street, where at 5:45 P.M. he saw a 1955 Plymouth automobile driven by Parrish and occupied by the defendant and Williams. The Plymouth was then stopped and its occupants searched. While searching the defendant, Officer Coop found three tinfoil wrappers, containing white powder, in a billfold on defendant's person. According to Officer Coop, after he found the tinfoil wrappers, he placed the defendant under arrest. Parrish was arrested for marihuana found in the car. Officer Coop testified that there were no traffic violations or other offenses committed in his presence prior to or at the time that the Plymouth was stopped. The officer testified he stopped the Plymouth because the police chief had told him to do so, with the instructions to "check them out for heroin." When the car was pulled over, Officer Coop stated it was his intention to arrest defendant "if he had heroin on him."

Since an arrest is not justified by what a search incident thereto discloses, the contraband found on defendant and in the Plymouth did not provide the probable cause to stop the Plymouth and arrest its occupants. It is necessary that there was probable cause to arrest when the Plymouth was stopped by the police. From the record before the trial court and this Court, it cannot be said the arrest was made because the officer at that time had knowledge of facts and circumstances that would warrant a prudent man in believing defendant had committed or was committing a felony. The arresting officer's testimony indicates he did not intend to arrest defendant unless he found contraband after searching defendant. It seems evident the Plymouth was stopped, not to arrest for the commission of a felony, but rather to search on suspicion. They were being checked out, that is, searched on suspicion, without reasonable grounds, which is closely akin to a dragnet.

The nature of the informant's report mentioning defendant was not revealed or detailed. How defendant was incriminated was not stated. It was not established whether the informant saw defendant in possession of contraband, or otherwise knew defendant would be in possession at a certain time or place. There was nothing to indicate that the informant was reli-

able or his information credible.[2] See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). There was nothing to indicate the police had by independent investigation verified any of the informant's report for accuracy, or otherwise corroborated the informant's tip.[3] Once a warrantless arrest or search is challenged, the burden is on the prosecution to prove it was lawful. If probable cause to make a warrantless arrest was to be grounded on the informant, the State should have shown what the informer actually said and why the officers thought the information was credible, so that the reasons for the arrest could be evaluated by the court for probable cause.

■ Furthermore, the failure to seek or secure a search or arrest warrant for the defendant or for the Plymouth, on the basis of the informant's tip, tends to negate the claim that probable cause was provided by the undisclosed informant's report. Although defendant's location was known, and he was seen by Officer Coop during the day, no attempt was made to arrest him. Likewise, no reason to delay an arrest was offered.

Even if probable cause had been provided by the informant, no exigent circumstances or compelling reasons were shown to justify non-procurement of a warrant. It is the rule that "no amount of probable cause can justify a warrantless search or seizure absent 'exigent circumstances.'"[4] Collidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). "Where, as here, [the] officers are not responding to an emergency, there must be compelling reasons to justify the absence of a search warrant." McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948).

We therefore conclude that no probable cause was shown for a warrantless arrest on the uncorroborated information of an undisclosed informer; and, further, conclude that there were no exigent circumstances nor compelling reasons to justify non-procurement of a warrant. Accordingly, the arrest was unlawful, which renders the search incident thereto unlawful, and the evidence obtaining thereby inadmissible. The trial court erred in overruling defendant's motion to suppress evidence of this search.

Reversed and remanded.

BLISS, P. J., and BUSSEY, J., concur.

2. Only information from a reliable informer will establish probable cause. United States v. Elgisser, 334 F.2d 103 (2d Cir. 1964).

3. In Whiteley v. Warden, supra, at 91 S.Ct. 1033, it was said: "The standards applicable to the factual basis for an arresting officer's probable-cause assessment are no less strict than those applicable to the magistrate's assessment. Here the arresting officer had no information to corroborate the report that the suspects had committed the crime and the fact that the warrantless arrest was based on a police radio bulletin cannot supply the element of probable cause that the officer who issued the bulletin lacked." In United States v. Hill, 114 F.Supp. 441, 442 (D.C. 1953), it was held: "Mere information from a third party, however, reliable, that a felony is being committed, without an effort to check its accuracy by personal observation, stakeout or surveillance, would of itself be insufficient to authorize either issuance of a warrant or a search without a warrant."

4. In Coolidge v. New Hampshire, supra, 403 U.S. at 470, 91 S.Ct. at 2040, it was stated: "But where the discovery is anticipated, where the police know in advance the location of the evidence and intend to seize it, the situation is altogether different. The requirement of a warrant to seize imposes no inconvenience whatever, or at least none which is constitutionally cognizable in a legal system that regards warrantless searches as 'per se unreasonable' in the absence of 'exigent circumstances.'"