**478**

Chris PARRISH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17896.

Court of Criminal Appeals of Oklahoma.

April 12, 1973.

W. G. "Gil" Steidley, Jr., McAlester, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge.

Appellant, Chris Parrish, hereinafter referred to as defendant, was convicted in the District Court of Pittsburg County, Case No. CRF 71–235, of Possession of Heroin and sentenced to three years imprisonment. Judgment and sentence was imposed on May 24, 1972, and this appeal perfected therefrom.

On October 26, 1971, at approximately 5:45 p. m., Carl Greene and Danny Williams were passengers in a 1955 Plymouth automobile, being driven by the defendant, when the vehicle was stopped by police officers in McAlester, Oklahoma. The three occupants were ordered out of the Plymouth and each was searched by the police. Defendant's conviction was based on heroin seized in this search. The arrest and search were not executed pursuant to a search or arrest warrant. The arresting officers observed no violations committed in their presence, prior to or at the time the automobile was stopped. Defendant contends the search was unlawful and that the trial court erred in overruling his motion to suppress the evidence in the search. The State contends the search was lawful as incident to arrest.

The same question, under identical facts, was considered by this Court in the appeal of Co-defendant Carl Greene's conviction. Greene v. State, Okl.Cr., 508 P.2d 1095 (1973). The same facts and the same reasoning applies in the instant situation; therefore, we will not repeat the circumstances in detail. Suffice it to say that the officers had no probable cause for a warrantless arrest, thus rendering the warrantless search unlawful and the evidence obtained thereby inadmissible. Since defendant's conviction rests entirely upon evidence seized unlawfully, and admitted into evidence over objection, the judgment and sentence must be reversed and remanded with instructions to dismiss.

BLISS, P. J., and BUSSEY, J., concur.