Ruth Ann BOOKER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–702.

Court of Criminal Appeals of Oklahoma.

April 29, 1982.

F. K. Berfield, Asst. Public Defender, Oklahoma County, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Ruth Ann Booker, the appellant, was convicted of Murder in the First Degree, pursuant to Laws 1976, ch. 1, § 1 now 21 O.S.1980, § 701.7, in Oklahoma County District Court Case No. CRF–79–4764. She was sentenced to life imprisonment and appeals.

At approximately 4:00 p. m., on April 12, 1979, Ruth Ann Booker and Steve Houston borrowed a neighbor's car and drove to the A–1 U–Store Warehouse, 5016 West Reno. They parked near the warehouse and Booker went into the office to see who was there. Booker reported to Houston that there was one old man in the office. The car was moved across the street from the warehouse. Houston took a rifle from under the seat of the car, went into the office and robbed and killed the old man. After Booker and Houston left the warehouse, Houston gave Booker ten or fifteen dollars.

Approximately one (1) year later, acting on information of a citizen informant, the police arrested Houston and Booker. During the initial police interrogation, Booker

admitted she was involved in the crime and gave a voluntary statement.

The appellant's first proposition of error asserts that the trial court erred in admitting testimony of her confession because the confession was the fruit of an illegal arrest. The basis of the alleged error is that the State failed to prove that the informant was reliable and credible which resulted in the arrest being without probable cause. In *Greene v. State*, 508 P.2d 1095 (Okl.Cr.1973), the test for determining probable cause to make a warrantless arrest was stated as:

> whether at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information was sufficient to warrant a prudent man in believing that the petitioner [arrestee] had committed or was committing an offense.

The facts and circumstances in the instant case are such that a prudent man could believe that the appellant committed the offense. The record indicates that the information given by the informant about the crime coincided with details that the police already had. Much of the information gave details that had not been reported in the newspaper, so it was not public knowledge. In addition, the informant also gave information about the appellant and the co-defendant that the police verified before the arrest was made. The arrest was not without probable cause; it met the test of *Greene v. State*, supra, therefore the subsequent confession was not tainted, and the proposition of error is without merit.

The appellant's second proposition of error asserts that the evidence was insufficient for a conviction of Murder in the First Degree. Sufficiency of the evidence is a jury question, *Woodard v. State*, 567 P.2d 512 (Okl.Cr.1977), and as long as there is competent evidence from which the jury could reasonably conclude that the appellant was guilty as charged, this Court will not interfere with the verdict. *Gordon v. State*, 503 P.2d 917 (Okl.Cr.1972). The record clearly indicates that the verdict is based upon, and is supported by substantial evidence.

The final proposition of error asserts that the appellant's confession was not "freely and voluntarily" made. The appellant argues that the confession was error because the prosecution did not show that she knowingly and intelligently waived her *Miranda* rights. In *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court stated that a person who has been made fully aware of his constitutional rights can waive those rights and answer questions or make statements. A review of the record indicates that the appellant was warned of her *Miranda* rights on several occasions. The trial court held an in-camera hearing as to the voluntariness of the confession, and determined that the appellant's statement was

> freely, voluntarily, knowingly and understandingly entered, and there were no promises made to her of any kind or any suggestion of leniency made to her to get her to give the statement or to sign it; and that any reference to telling the District Attorney about it was certainly nothing that would overpower her judgment or cause her unfairly to make a statement that she would not otherwise have made.

In view of the trial judge's finding and the fact that the jury was instructed on the issue of voluntariness of the confession, we find no merit to the appellant's last proposition of error. *Houck v. State*, 563 P.2d 665 (Okl.Cr.1977).

The judgment and sentence appealed from is AFFIRMED.

BUSSEY and CORNISH, JJ., concur.