Herman Clay BENNETT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–535.

Court of Criminal Appeals of Oklahoma.

Aug. 10, 1982.

Alfred K. Hambrick, Midwest City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Burglary in the First Degree, After Former Conviction of a Felony, in the District Court of Oklahoma County. He was sentenced to twenty-five (25) years' imprisonment.

The appellant first argues that the eyewitness identification resulting from a one-on-one show-up was unnecessarily suggestive and conducive to irreparable mistaken identification. The appellant concedes he did not object to the in-court identification and did not request a cautionary instruction on witness identification.

A leading case interpreting the propriety of in-court identifications based on "in-the-field-confrontations" on a similar fact pattern is *Russell v. U. S.*, 408 F.2d 1280 (D.C. Cir.1969), *cert. denied*, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245. There, the D.C. Court of Appeals stated a general rule "that it is not improper for the police immediately to return a freshly apprehended suspect to the scene of the crime for identification by one who has seen the culprit minutes before." The *Russell* court carefully limited its holding to facts where the on-the-scene identification occurred within minutes of the witnessed crime. In *Johnson v. State*, 569 P.2d 480 (Okl.Cr.1977), we approved a confrontation made within forty-five minutes where the show up was as much initiated by the eye witness as by the arresting officer.

The test to be applied in determining whether the appellant was denied due process when evidence of the on-the-scene identification was introduced is the same as that applied to other identification procedures, i.e., whether in the "totality of circumstances" the process was so suggestive as to create a very substantial likelihood of misidentification. *United States v. Coades*, 549 F.2d 1303 (9th Cir. 1977), citing *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. *Neil v. Biggers*, supra at 199, 93 S.Ct. at 382.

Applying these to the facts at hand, we believe the admission of evidence of the identifications did not violate due process. Evidence at trial showed that the appellant had broken into a house at night while two teen-aged occupants were present. One of them, Darrel Dwayne Harding, identified the appellant in court as the man whom he had seen break through the door and step into the lighted house. He testified that before the appellant turned and ran that he looked him in the face. Harding, who was also able to describe the clothes the appellant had been wearing, saw him run to his Cadillac and quickly drive away.

Just before Harding and his sister ran to a house across the street to call the police, Harding heard a sound resembling a car crash. Before the police arrived to investigate the burglary, the Hardings went to the scene of the accident which involved a Cadillac. Harding on his own initiative approached an officer at the scene and informed him that the man sitting in the patrol car was the same man who had earlier broken into his family's home. Approximately twenty minutes later, police officers arrived at the Harding residence to investigate the burglary. An officer asked Har-

ding to view the man sitting in the patrol car. Harding once again identified him as the burglar. These facts, in and of themselves, negate the suggestiveness of the one-on-one identification. Weighing the factors, set out in *Neil*, supra, we find no substantial likelihood of misidentification.

In his pro se supplemental brief the appellant alleges a violation of right to counsel during a corporeal identification at the preliminary hearing in absence of his attorney. Argument in this regard appears frivolous and totally without merit; for the appearance docket reflects that counsel represented appellant at the preliminary hearing.

In addition, the appellant asserts fundamental errors occurred when the trial court failed to conduct an evidentiary hearing to determine if the identification procedure was unnecessarily suggestive, and when the trial court failed to deliver a cautionary instruction on eyewitness identification.

In *Young v. State*, 531 P.2d 1403 (Okl.Cr. 1975), we held that the defendant's right to have a hearing conducted outside the presence of the jury is dependent upon his raising a timely objection to the in-court identification of the defendant. No such objection was made at any time prior to or during the course of the trial. In *Pisano v. State*, 636 P.2d 358 (Okl.Cr.1981), we found no error where the trial court refused to give cautionary instructions where the following conditions prevailed: (1) there was a good opportunity for positive identification; (2) the witness is positive in his identification; (3) the identification is not weakened by prior failure to identify; and (4) the witness remains positive as to the identification, even after cross-examination. Those conditions were present here and we therefore find that a cautionary instruction was not required.

Finally the appellant argues that the evidence was insufficient to sustain the jury's verdict. Our previous detailed statement of facts negates the sufficiency of evidence argument.

The judgment and sentence is therefore AFFIRMED.

BRETT, P. J., concurs.

BUSSEY, J., specially concurs.

BUSSEY, Judge, specially concurring:

I agree that the judgment and sentence should be affirmed. The evidence amply supports the verdict of the jury and none of the issues sought to be raised on appeal were properly preserved for review.