Artlett Willis SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–113.

Court of Criminal Appeals of Oklahoma.

April 8, 1985.

Opio Toure, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., David W. Lee, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Artlett Willis Smith was charged with and convicted in Oklahoma County District Court of Possession of a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of Distribution of Marijuana and a sentence of fifteen years' imprisonment was imposed. He was also charged with but acquitted of Distribution of a Controlled Dangerous Substance (Marijuana).

At approximately 5:45 a.m., May 14, 1982, police officers observed what they thought to be a drug transaction between appellant and Terry Holly. They observed Holly, whom one of the officers had arrested several days prior to this date on a drug related offense sitting in an automobile outside of a motel. They then observed appellant come from one of the motel rooms and hand Holly a paper sack which he put into the trunk of the vehicle, and saw Holly hand appellant what the officers thought to be cash. Appellant got into the vehicle and the officers stopped them about one block away. Holly, who was driving, was arrested for not having a driver's license. An inventory was made prior to impoundment of the vehicle and a paper sack containing five baggies of marijuana was found in the trunk. Appellant was then arrested, but he had no identification with him. He said he had it in his motel room and that the officers could go get it. Appellant's "wife" (Terrye Hopkins) was in the room. When she came to the door, the officers smelled marijuana. She quickly

closed the door, and the officers heard a commotion and reopened it. They observed the appellant's wife go to the back of the room, and they saw a shoe box containing marijuana lying on the bed. They found Terrye Hopkins in the restroom washing white powder from a hand mirror. They also discovered a bag of white powder, which later proved to be methamphetamine, and a bag of marijuana in a trash can in the restroom.

Appellant first contends that his arrest was illegal and that the contraband seized from his motel room should have been excluded as evidence at his trial. He urges that the officers had no probable cause for his arrest.

■ The test for probable cause on a warrantless arrest is:

'whether at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information was sufficient to warrant a prudent man in believing that the petitioner [arrestee] had committed or was committing an offense.'

*Booker v. State*, 644 P.2d 1075, 1076 (Okl. Cr.1982) (quoting *Greene v. State*, 508 P.2d 1095 (Okl.Cr.1973)). Appellant contends that the observation of a man receiving a brown paper sack in exchange for money is not sufficient to support a stop. But these were only some of the circumstances going initially toward probable cause. The officers' knowledge of Holly's recent involvement in drug offenses together with their observation of his suspicious conduct warranted an investigatory stop. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). But he principally protests that there was no probable cause for his warrantless arrest. Appellant was not put under arrest until the officers found in an inventory of the vehicle a brown paper bag filled with marijuana (being the only paper bag in the trunk) similar to the one officers saw the appellant hand to Holly and which they saw Holly place into the vehicle's

trunk. These circumstances in their totality were sufficient to warrant a prudent man in concluding appellant had committed a felony. *See Lee v. State*, 661 P.2d 1345 (Okl.Cr.1983).

■ Appellant argues that he only gave the officers his room number at the motel so *he* could go there to get his driver's license, not that they could go to the door. So, he presses, his consent could not be construed to allow the police officers to go to the door of the motel, and all evidence of criminality within the motel room should have been suppressed. Even if we agreed that his arrest was illegal, we could not agree that the officers' search of the room was illegal. Once at the motel room, the officers were justified in making a warrantless seizure of the contraband. They were at a place they had a lawful right to be when they viewed and smelled what was obviously contraband. *Teeman v. State*, 664 P.2d 1071 (Okl.Cr.1983). The exigencies of the situation became apparent when they saw Terrye Hopkins run toward the back of the room with a white powder substance on a hand mirror and some other items and then heard a commotion; the danger that she would destroy the contraband justified the officers' conduct. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Apart from appellant's arrest, the officers had probable cause to arrest Terrye Hopkins and they properly conducted a search of the area within her immediate control and within their plain view. See *Clayton v. State*, 555 P.2d 1310 (Okl.Cr.1976). This assignment is without merit.

Appellant next urges that there was insufficient evidence that he was in possession of the methamphetamine to sustain his conviction of unlawful possession. This drug was found in the restroom of the motel room which appellant told the officers he was occupying. He had returned with the officers to the room in order to retrieve his driver's license. Appellant contends that the only reasonable conclusion that could be reached on this evidence is

that he did not know of the contraband and that he was not in possession of it.

■■■ Possession of a controlled drug may be established though one is not in actual physical custody of the substance. *Staples v. State*, 528 P.2d 1131 (Okl.Cr. 1974). Constructive possession may be proven by showing one knew of the contraband's presence and had the power and intent to control its use and disposition. *Id.* Possession may be established though another has actual custody if one wilfully and knowingly shares the right to control the contraband. *Id.* Possession may be proven by circumstantial evidence which excludes every reasonable hypothesis other than guilt. *White v. State*, 607 P.2d 713 (Okl.Cr.1980).

Appellant was charged with joint possession with Terrye Hopkins of the controlled substance. We find that there was sufficient evidence from which the jury could infer this fact.

■■■ Appellant told the officers that he was occupying with his wife the room in which the drugs were found. In fact, his driver's license was recovered from the room. When the officers went to the door of the room they observed through the chained door the smell of marijuana and then saw marijuana sitting on the bed in a shoe box lid. Terry picked up several items and went to the restroom where the officers discovered the plastic bag containing methamphetamine and one containing marijuana in the trash can. The flagrant use and positioning of the drugs within the jointly occupied motel room is evidence of joint ownership and control. This, plus the evidence presented at trial that appellant delivered marijuana to Terry Holly served to dispel the idea that appellant was an unsuspecting bystander in relation to the drugs. This additional incriminating factor supports the jury's verdict of guilt of possession. *Rudd v. State*, 649 P.2d 791 (Okl. Cr.1982). When the evidence and its inferences are considered in the light most favorable to the State, it is sufficient. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979); *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980); *Banks v. State*, 544 P.2d 1268 (Okl.Cr.1976).

Finding no error meriting modification or reversal, judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concurs.