**Thomas Glen SUMMERS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–83–529.

Court of Criminal Appeals of Oklahoma.

July 30, 1985.

John Street, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Thomas Glen Summers was convicted in Tulsa County District Court, Case No. CRF–82–3273, of Burglary in the First Degree, After Former Conviction of a Felony, and was sentenced to twenty-five (25) years in prison. The conviction arose out of the early morning burglary of the Tulsa residence of a young woman and her two small children. We affirm.

 Appellant first contends that the trial judge erred in refusing to declare a mistrial at voir dire due to repeated attempts by the prosecutor to define "reasonable doubt." It is error for the trial court or the prosecutor to attempt to define reasonable doubt to the jury. *Underwood v. State,* 659 P.2d 948 (Okl.Cr.1983). However, the alleged improper definition must be carefully examined with reference to the record as a whole to determine if injury resulted to the accused before reversal is warranted. *Jones v. State,* 554 P.2d 830 (Okl.Cr.1976).

The record reflects that the first two remarks complained of resulted in the sustention of defense objections and proper admonishment of the jury. In the third instance, the judge overruled a defense objection, yet again admonished the jury on this point of law. While we do not condone the prosecutor's remarks, we do not find that the error was reversible.

 Appellant next contends that the judge erred in refusing to suppress the eyewitness identification due to the witness' exposure to an alleged impermissibly suggestive pretrial confrontation.

Appellant complains of the fact that some twenty minutes after the departure of the burglar from the victims' residence, police officers returned a man arrested some three or three and a half blocks away—the appellant—to the scene for viewing by the victim. The victim identified the appellant as the perpetrator.

We note "that it is not improper for the police immediately to return a freshly apprehended suspect to the scene of the crime for identification by one who has seen the culprit minutes before." *Bennett v. State,* 649 P.2d 804, 805 (Okl.Cr.1982) (quoting from *Russell v. U.S.,* 408 F.2d 1280 (D.C.Cir.1969), cert. den., 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245). However, assuming arguendo that the confrontation was impermissibly suggestive, the identification may still be reliable and admissible depending upon

> 1) the prior opportunity to observe the defendant during the alleged criminal act; 2) the degree of attention of the witness; 3) the accuracy of the witness' prior identification; 4) the witness' level of certainty; and, 5) the time between the crime and the confrontation.

*Porter v. State,* 666 P.2d 784, 785 (Okl.Cr. 1983) (citation omitted).

According to the eyewitness' testimony at the suppression hearing in the trial court, she was able to see the burglar's face three times during the course of the crime. She was awakened in her bed by the burglar at about 2:30 A.M. The man ordered her to roll over onto her stomach, and removed his hands from over her eyes as she did so. The witness managed to observe the man's face out of the corner of her eye for perhaps a second or two. He was illuminated by light shining from an adjacent room.

Later, when the woman broke away from the man in the darkened bathroom of the residence, her blindfold slipped off, and she fell to the floor of the hallway. This area was also dark, but there was enough light for the woman to again look at the face of

the man as he stood perhaps three or four feet from her. The witness raced out the front door of her house, reaching the driveway just as the burglar climbed out of the bathroom window onto the drive some fifteen feet away. She again looked at the man's face, this time for two or three seconds, with the aid of a street light.

The record reflects that the witness was devoting a high degree of attention to the events in question. Her two small children were asleep in the house, and she was naturally concerned for her own safety. Moreover, the witness gave a very detailed description to the police dispatcher, and at least partial descriptions to various officers who subsequently arrived on the scene. The description of the burglar coincided with the arresting officer's description of the appellant in most particulars, but differed somewhat in height, weight and age. No evidence was offered at the motion hearing concerning which of the two accounts was accurate in this respect.

The witness' first viewing of the appellant in the patrol car from a distance of eight feet or so left her unsure that he was the perpetrator. However, she then walked closer to the vehicle and positively identified the defendant as the burglar, and her identification remained positive thereafter and at trial. The witness stated that the identification of the appellant as he sat in the police vehicle was based upon her observation of the defendant in her house and on her driveway just minutes earlier.

Finally, as noted above, the confrontation occurred only twenty minutes after the burglar fled the residence.

Appellant relies upon inconsistencies between the testimony of the witness at the preliminary hearing[1] and the motion hearing. He also points out that the witness, who is nearsighted, was not wearing her glasses during the events in question. In this latter connection, the witness stated that she could see very well up close.

However, we conclude that, under all the circumstances, the judge did not err in refusing to suppress the woman's identification testimony.

Appellant further contends that the prosecutor's reference in closing argument to certain evidentiary matters as "fact[s]" constituted impermissible closing argument, citing *Williams v. State*, 658 P.2d 499 (Okl.Cr.1983). Counsel referred to certain of the circumstances of the crime, established by uncontradicted evidence, as "fact." *Williams* is distinguishable, for the remarks in that case were part of numerous instances of prosecutorial misconduct; moreover, the matters characterized as "fact" were the very elements of the crime charged, raising a danger that the jury could have been misled as to their responsibility for deciding such matters.

A liberal freedom of speech inheres in closing argument, and both sides may discuss fully from their respective standpoints the evidence and the inferences and deductions therefrom. *Kennedy v. State*, 640 P.2d 971 (Okl.Cr.1982). We are unable to conclude that reversible error occurred.

Finally, appellant contends that the trial court erred in declining a requested cautionary instruction on the dangers of eyewitness testimony. We find no error. As noted previously, the record supports an inference that the witness had an opportunity to make a positive identification, that the witness was in fact positive in her identification of the appellant, that the identification was not weakened by a failure to identify, and that the witness remained positive in her identification, even after vigorous cross-examination. See, *Hall v. State*, 565 P.2d 57 (Okl.Cr.1977). Although such an instruction would not have been inappropriate we find no abuse of discretion.

The judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concurs.

1. The transcript of the preliminary hearing was admitted into evidence at the motion hearing.