**Christopher CARTER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–85–353.**

Court of Criminal Appeals of Oklahoma.

June 22, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Christopher Carter, was tried by jury in Comanche County District Court, Case No. CRF–84–428, and convicted of Robbery With Firearms, After Former Conviction of Two Felonies, in violation of 21 O.S.Supp.1982 § 801, before the Honorable Kenneth L. Youngblood, District Judge. The jury returned a verdict of guilty and set punishment at twenty (20) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

On September 4, 1984, a man later identified as appellant entered the A & A Food Store in Lawton, threatened two store employees with a gun and fled with money he obtained from a cash register. Based on a description of the suspect's appearance and mannerisms, Lawton Police Detective Richard Goss suspected that appellant committed the crime. A photographic lineup was prepared, and appellant was tentatively identified by both eyewitnesses. Based on the description and the tentative identification, appellant was arrested.

Appellant claims as his first assignment of error that his Fourth Amendment rights were violated when he was arrested and detained without probable cause. We disagree.

Appellant, represented by counsel, pled not guilty at trial court arraignment without contesting the legality of the arrest. Failure to object in a timely fashion to the legality of an arrest prior to entering a plea to the charge waives the issue for appellate review. *Rushing v. State*, 676 P.2d 842, 849 (Okl.Cr.1984); *Raymer v. City of Tulsa*, 595 P.2d 810, 812 (Okl.Cr.1979). We believe that the arrest was valid in any event. The test for probable cause on a warrantless arrest is whether, when the arrest was made, the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information would be sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense. *Smith v. State*, 698 P.2d 482, 484 (Okl.Cr.1985); *Booker v. State*, 644 P.2d 1075, 1076 (Okl. Cr.1982). Here, the police had a description of the suspect, a tentative photographic identification, and past dealings with the suspect to the point where they recognized that appellant possessed certain mannerisms consistent with those displayed by the robber. Such grounds may not be absolute or irrefutable, but there is no such requirement. *Lee v. State*, 637 P.2d 879, 882–883. (Okl.Cr.1981). We believe that reasonable grounds existed for the arrest under these circumstances.

Appellant next claims that evidence obtained as a result of the arrest should be excluded as fruit of the poisonous tree. Specifically, he maintains that evidence concerning a pretrial line-up identification was invalid, and that the victims' identification of appellant in the courtroom was also invalid. Since we have found that the arrest was valid, we need not consider this assignment. Moreover, we note that the only identification evidence elicited by the prosecution concerned the in-court identification by the victims. The lineup identification came in response to questions by appellant's own attorney. Appellant can-

not complain of error he invited. *Chambers v. State*, 649 P.2d 795, 798 (Okl.Cr. 1982). Moreover, we believe that the identification meets the standards this Court has established to determine the reliability of an identification: prior opportunity to observe the defendant during the alleged criminal act; the degree of attention of the witness; the accuracy of the witness' prior identification; the witness' level of certainty; and the time between the identification and the crime. *Summers v. State*, 704 P.2d 91, 92 (Okl.Cr.1985). The crime was committed during a sunny afternoon, near a plate glass window with the inside lighting on. The robbery took approximately two minutes. The robber was not wearing a mask and his face was visible. Both witnesses viewed the defendant for enough time to recognize him as having been in the store before. One of the witnesses, although she ducked behind a counter, observed him for approximately one and one-half minutes before doing so. The descriptions given by the witnesses were sufficiently consistent with appellant's physical characteristics to point the police in the direction of appellant. Both witnesses were certain in making the identification, enough to withstand extensive cross-examination by appellant's counsel. The time element is not unreasonable. The photographic lineup occurred the day after the robbery, and the physical lineup the day after that. We find that the requirements listed in *Summers* were satisfied, and the in-court identification was properly admitted.

For the foregoing reasons the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.