Paul Ray HUNT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–597.

Court of Criminal Appeals of Oklahoma.

Feb. 29, 1988.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., and Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Paul Ray Hunt, appellant, was convicted in a non-jury trial for the crimes of Second Degree Burglary, After Former Conviction of a Felony in Case No. CRF–83–1754 and Unlawful Possession of a Controlled Drug, After Former Conviction of a Felony in Case No. CRF–83–3336 in the District Court of Tulsa County. Appellant was represented by counsel. The trial judge found appellant guilty and sentenced him to twelve (12) years' imprisonment on each count, to run concurrently. From this Judgment and Sentence, appellant appeals to this Court.

During the afternoon of May 17, 1983, Debbie Fisher was alerted by her mother of a suspicious automobile driving around their neighborhood. Deciding to look into the matter, Ms. Fisher got into her car and drove slowly down the street looking for anything unusual. Ms. Fisher observed a man standing by a window at the home of Ms. Lekoda Brinlee. Believing the man to be breaking into the house, Ms. Fisher returned home to call the police. On her way, Ms. Fisher noticed a blue LTD parked across the street from Ms. Brinlee's house.

After calling the police, Ms. Fisher and her friend Natalie Neilson decided to drive around Ms. Brinlee's home. They observed the same blue LTD, but this time a man was sitting inside. The girls wrote down the license number of the car and returned home to await the police.

When a Tulsa police officer arrived, the girls informed him of a man breaking into the window of Ms. Brinlee's house. At this time, the driver of the blue LTD left, and the officer pursued him. After the officer departed, a man ran out of Ms. Brinlee's house. He ran around a corner, and seeing Ms. Neilson, stopped and then took off running in the other direction.

Tulsa Police Officer Bill Conley, who had been summoned to the scene, picked up a man fitting the description of the burglar, approximately one block from Ms. Brinlee's house. Meanwhile, the police had apprehended the driver of the blue LTD. Both men were returned to the scene of the burglary, where both Ms. Fisher and Ms. Neilson identified appellant as the man they saw breaking into and leaving Ms. Brinlee's house.

When appellant was booked in at the police station, the officers discovered that he was carrying some jewelry, wearing a watch and had a vial of tablets, later identified as dolophine, a drug containing methodone.

In his only assignment of error, appellant claims that the trial court erred prior to the preliminary hearing by denying his Motion to Compel the State to conduct a lineup, and erred during the preliminary hearing by denying his Motion to Suppress two

in-court identifications of the appellant. Specifically, appellant claims that the in-court identifications were tainted by unnecessarily suggestive pretrial confrontations.

Appellant claims that his confrontation with the witnesses as he sat in the front seat of the police car was unnecessarily suggestive. During the preliminary hearing, the court ruled that Ms. Fisher's in-court identification of appellant was based on her view of him while he sat in the police car rather than what she had witnessed at the crime scene. However, when the case was submitted for a decision based on the preliminary hearing transcripts, a different judge did not specifically find that Ms. Fisher's in-court identification testimony was inadmissible, but rather found that Ms. Neilson's in-court identification was reliable without a lineup.

■ Appellant acknowledges that there is no right to a formal pretrial lineup. The decision is one of judicial discretion. *Campbell v. State*, 640 P.2d 1364, 1366 (Okl.Cr.1982). Thus, the sole issue is whether the in-court identification of appellant was the result of an impermissively suggestive pretrial confrontation.

■ This Court has stated that it is not improper for the police to immediately return a freshly apprehended suspect to the scene of the crime for identification by one who has seen the culprit minutes before. *Summers v. State*, 704 P.2d 91, 92 (Okl.Cr. 1985). *See also Bennett v. State*, 649 P.2d 804, 805 (Okl.Cr.1982). Moreover, improper suggestiveness in a confrontation does not conclusively indicate that the subsequent in-court identification was unreliable, thereby requiring exclusion of the testimony at trial. *Hays v. State*, 617 P.2d 223, 229 (Okl.Cr.1980).

■ The test to be applied in determining whether the appellant was denied due process when evidence of the on-the-scene identification was introduced, is the same as that applied to other identification procedures, i.e., whether in the "totality of the circumstances" the process was so suggestive as to create a very substantial likelihood of misidentification. *Chatman v.*

*State*, 716 P.2d 258, 259 (Okl.Cr.1986). *See also Bennett v. State*, 649 P.2d 804 (Okl. Cr.1982). In determining whether the in-court identification is reliable, this Court will consider (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of his prior description of the criminal, (4) the level of certainty demonstrated at the confrontation, and (5) the time between the crime and the confrontation. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Accord *Reaves v. State*, 649 P.2d 780, 783 (Okl.Cr.1982).

■ For purposes of this appeal, we find it necessary to discuss only Ms. Neilson's testimony. Ms. Neilson observed appellant as he ran out of the house from a distance of 30 to 40 feet. It was a clear day, and Ms. Neilson observed appellant for 20 to 30 seconds before he ran in another direction. Ms. Neilson viewed appellant in a face-to-face encounter. She described the burglar as wearing a blue and white flannel shirt, dark sunglasses, light denim jeans, and resembling a tall "Sonny Bono." (A television character.) We find the fact that appellant had on only jeans when apprehended to be unpersuasive, considering that sunglasses and a shirt are easily discarded. The record reveals that Ms. Neilson was very positive in her description and identification of the appellant and never waivered. The record also reveals that the identification of appellant in the police car occurred between an hour and an hour and a half after the crime. Therefore, under the totality of the circumstances, we find that Ms. Neilson's in-court identification possessed independent aspects of reliability.

For the foregoing reasons, the Judgment and Sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.