Alfred C. MILES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13732.

Court of Criminal Appeals of Oklahoma.

July 20, 1966.

Gary W. Sibley, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Alfred C. Miles, hereinafter referred to as the defendant, was charged by information filed February 12, 1965 in the district court of Tulsa County with the crime of · burglary of a coin operated machine, after former conviction of a felony.

It was charged that on January 6, 1965 defendant, in the night time, and while acting in concert with Eugene Ennis, broke open a certain coin operated parking meter in the city of Tulsa.

The State introduced the testimony of two police officers; the traffic control maintenance foreman and the collector with the traffic engineering department, who had charge of the parking meters in Tulsa. The defendant did not offer any evidence.

This case was tried to a jury, which on Friday afternoon returned a verdict of guilty as charged in the information. The court informed the jury that they had not finished the case, and after giving proper admonitions to the jury, dismissed them until Monday morning.

On Monday morning the court was prepared to submit the second phase of the charge. At that time the defendant and his counsel announced that defendant would enter a plea of guilty to the charge of burglary of a coin operated machine, and to the former conviction charge.

After some discussion concerning the sentence to be rendered, and the recommendation of the county attorney, defendant and his attorney waived time for pronouncing sentence. The court then sentenced defendant to serve four years in the State Penitentiary.

Counsel gave notice of intention to appeal, and appeal bond was fixed. The motion for new trial was overruled, and defendant was sentenced on April 12, 1965. The appeal was thereafter filed in this Court.

Counsel in his brief assigns three errors, as follows:

"1. That the court erred in overruling the objections of the defendant to the introduction of the testimony by witness · Phil Roberts, to which overruling defendant duly excepted. .

"2. Errors of law occurring during the trial of said cause duly excepted to by this defendant.

"3. Error of the court in overruling defendant's motion for new trial."

We have carefully read and considered the record in this case, as well as the briefs filed, and are of the opinion that there is no merit in any of the assignments of error.

However, as to the first contention, the record shows that on February 17, 1965 defendant was present in court with his attorney. He was arraigned in the district court at that time, and waived further time to plead, entered a plea of not guilty, and asked for a jury trial. The court set defendant's appearance bond at $5,000.

The case was called for trial on April 19, 1965, and the County Attorney made his opening statement. Phil Roberts was the first witness called by the State, and when he had testified at some length, the defendant moved to suppress the evidence of this officer, for the reason that the arrest of defendant was improper and illegal.

 This Court is committed to the rule that where a defendant pleads to a criminal action, he waives all objections to the legality of his arrest.

"Where the accused is physically before court upon criminal charge, either because he is held in custody after arrest or because he has appeared in person after giving bail, invalidity of original arrest is immaterial as regards jurisdiction of court to proceed with case." Allen v. State, Okl.Cr., 400 P.2d 463.

See also Hoskins v. State, Okl.Cr., 286 P.2d 293; McGilvery v. State, 50 Okl.Cr. 376, 298 P. 312; Keeler v. State, 24 Okl. Cr. 206, 217 P. 228.

Defendant raises a question of variance between the charge and the proof, in his reply brief. He states in substance, and for the first time, that the charge alleges that defendant broke into one certain num-

bered parking meter, whereas the testimony was directed toward another certain numbered parking meter; therefore reversible error was committed.

■■■ We are of the opinion that defendant waived any variance between the allegations of the information and the proof when he entered his plea of guilty to the charge of burglary, after former conviction. Further, this Court held in Brannon v. State, 94 Okl.Cr. 261, 234 P.2d 934:

"An assignment of error that there was a fatal variance between the allegations of information and proof, not urged in the court below, and not a ground for reversal presented in petition in error, need not be considered."

Finding no fundamental error, the judgment and sentence of the district court of Tulsa County is affirmed.

NIX, J., concurs.

BUSSEY, P. J., not participating.