**Daniel D. HOLLIDAY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–544.**

Court of Criminal Appeals of Oklahoma.

May 20, 1988.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Daniel D. Holliday, was convicted in the District Court of Comanche County Case No. CRF–84–518 of the crime of Second Degree Burglary of an Automobile as an Accessory after the fact in violation of 21 O.S.1981, § 1435. Pursuant to the Nonviolent Intermediate Offenders Act, 22 O.S.Supp.1986, § 995 et seq., he was sentenced to an unspecified term of incarceration. Appellant now appeals both the judgment and sentence.

At approximately 4:00 p.m. on the afternoon of October 29, 1984, an employee of a Lawton grocery store who was leaving for his dinner break caught the appellant's co-defendant, Ron Darling, in the act of Burglarizing his pickup. The employee wrestled with Darling in an effort to subdue him. Darling escaped by hitting the pickup owner over the head with a stereo speaker he had taken from the pickup.

Responding to the owner's cries for assistance, several other people gave chase as Darling ran away. Darling was followed by at least four people as he ran behind the neighboring houses, jumped fences and ran down alleyways, ending up in an area behind the grocery store where the appellant was waiting in his car.

One of Darlings pursuers saw him get into the appellant's car. Another pursuer, who had circled around the house behind the store and was coming from the oppo-

site direction, saw the appellant's car start up and begin to drive away. The last witness testified that the car slowed and stopped briefly in response to his signal to do so. The driver, who was later identified as the appellant, rolled the heavily tinted window down slightly to ask what was going on. The witness, who realized his potential vulnerability at that point, then lied to the appellant, saying they were chasing a black man and allowed the appellant to leave. Still another witness saw the appellant's car leave the alley and enter the street. All witnesses who testified were able to positively identify the appellant, his car, or both.

The appellant dropped Darling off a short time after they left the alley. Later that day, while the appellant was driving in his car nearby with another friend, a police officer who recognized the appellant's license tag number pulled the pair over. He briefly detained them while other officers brought an eyewitness over for identification. Because the witness could not identify either as the person who burglarized the pickup, the appellant and his friend were allowed to leave. The appellant was not arrested until three days later.

As his first assignment of error, the appellant argues that his statement was obtained as a result of an unlawful warrantless arrest. In support of this argument, the appellant directs our attention to the fact that no copy of the alleged warrant appears in the record, despite the appellant's designation of "all other papers filed" in the case.

■ The settled law is that a suspect may not be apprehended, detained, and forced to go with the police to another location absent a warrant *or* probable cause. See *Hayes v. Florida*, 470 U.S. 811, 105 S.Ct. 1643, 84 L.Ed.2d 705 (1985). In the past, this Court has stated quite explicitly that failure to raise this issue prior to entering a plea waives its consideration for appellate review. See *Rushing v. State*, 676 P.2d 842, 849 (Okl.Cr.1984); *Raymer v. City of Tulsa*, 595 P.2d 810 (Okl.Cr.1979); *Stone v. State*, 461 P.2d 962 (Okl.Cr.1969). Therefore, if there was a question regard-

ing the legality of appellant's arrest, any alleged error has been waived.

■ Next, the appellant states that it was reversible error for the trial court to admit his purported post-arrest statement into evidence. Even if we assume that his arrest was illegal, we are not convinced that his statement given the next day was tainted.

The appellant maintained at trial, and again on appeal, that the alleged statement was neither accurate nor voluntary. Significantly, this is the only evidence presented on this question. The appellant did admit signing the statement, though he claims never to have read it even though the officer who took the statement testified otherwise.

Testimony was offered that the appellant had received his *Miranda* warnings before he indicated his willingness to give a statement. There is no evidence of official misconduct, and no intervening circumstances are disclosed in the record which would bring the reliability of the statement into question. Because these factors all weigh in favor of the State, we can only conclude that the statement was voluntary and that the appellant's second assignment of error, as well as his after-the-fact disclaimer, is without merit. See *Brown v. Illinois*, 422 U.S. 590 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Cooks v. State*, 699 P.2d 653, 657 (Okl.Cr.1985); *Williams v. State*, 542 P.2d 554, 572 (Okl.Cr.1975).

■ The appellant's third assignment of error is that prosecutorial misconduct during closing argument denied him a fair trial. Specifically, appellant refers to a portion of the closing argument in which the prosecutor stressed the contradictions between appellant's statement and his testimony in court. The prosecutor concluded with the comments to the jury that, if the statement was true, appellant's in-court testimony "makes him a liar. If it makes him a liar, then I don't think you can believe anything that he's told you here today...."

The appellant cites *Lewis v. State*, 569 P.2d 486 (Okl.Cr.1977), for the proposition

that calling a defendant a liar during closing arguments is fundamental error. The appellant, however, grossly exaggerates this single instance of impropriety as grounds for the result we reached in *Lewis*. In that case, the accusation by the prosecutor was one of many improprieties. Further, in *Lewis*, the bulk of the prosecutor's comments were objected to and properly preserved for appeal.

Here, not only is the above passage the only instance of possibly questionable argumentation, but it passed without objection. See e.g. *Williams v. State*, 733 P.2d 22 (Okl.Cr.1987) and compare *Lewis v. State*, 569 P.2d at 490. Further, considering the discussion in context, we believe that the prosecutor's argumentation was well within the liberal constraints of free speech this Court has approved in the past. See e.g. *Matricia v. State*, 726 P.2d 900 (Okl.Cr.1986); *McDonald v. State*, 553 P.2d 171 (Okl.Cr.1976). It was only the prosecutor's choice of the word "liar" that was unfortunate. This assignment of error is without merit.

■ Next, the appellant argues that there was insufficient corroboration of the principal's testimony to support appellant's conviction as an accomplice. Here, too, we disagree.

Darling testified that the appellant drove through the parking lot where the pickup truck was parked, and that both the appellant and Darling agreed to burglarize the truck. This testimony is corroborated directly by the appellant's post-arrest statement. Further, the witnesses testified that the appellant's car was the getaway vehicle and that the appellant was driving. This testimony is uncontradicted. We have found this to be sufficient corroboration in similar cases, and do so here as well. See e.g. *Glaze v. State*, 565 P.2d 710 (Okl.Cr. 1977); *Hambrick v. State*, 535 P.2d 703 (Okl.Cr.1975). This assignment also lacks merit.

■ Lastly, the appellant states that cumulative errors denied him a fair trial. In view of our conclusions in the preceding assignments, this last assignment is clearly without merit. Accordingly, the judgment must be AFFIRMED. However, in light, the holding in *Swart v. State*, 720 P.2d 1265 (Okl.Cr.1986), to which this writer dissented, in which this Court found the Oklahoma Nonviolent Intermediate Offender Act, 22 O.S.1981, § 995.1 et seq., unconstitutional, this case must be REMANDED to the District Court for resentencing.

Accordingly, the judgment is AFFIRMED, but this matter is REMANDED for resentencing in a manner not inconsistent with this opinion.

BRETT, P.J., concurs.

PARKS, J., specially concurring.

PARKS, Judge, specially concurring:

I agree that appellant's conviction should be affirmed but choose to comment on the improper comments made by the prosecutor. The prosecutor stated that appellant's testimony made "him a liar." Clearly, the comment was improper; however, no objection was made by defense counsel, therefore we may review only for fundamental error. *Tart v. State*, 634 P.2d 750 (Okla. Crim.App.1981).

This Court has repeatedly held that although the prosecutor may comment on the evidence and draw logical inferences therefrom, he cannot inject his personal opinion or beliefs by speculating as to the truthfulness of the defendant. *Henderson v. State*, 695 P.2d 879, 883 (Okla.Crim.App. 1985); *Lewis v. State*, 569 P.2d 486, 489 (Okla.Crim.App.1977). While the comments made in the present case were improper, I cannot say that they rose to the level of fundamental error. Accordingly, I concur.