WALL v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WALL v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WALL v. STATE
2020 OK CR 9
Case Number: F-2018-567
Decided: 05/21/2020
CHRISTOPHER ALLEN WALL, Appellant v. THE STATE OF OKLAHOMA, Appellee.

Cite as: 2020 OK CR 9, __ __

 

S U M M A R Y O P I N I O N 
LUMPKIN, JUDGE:
¶1 Appellant Christopher Allen Wall was tried by jury and found guilty of Endeavoring to Manufacture a Controlled Drug (Count I) (
63 O.S.2011, § 2-408) and Possession of a Controlled Drug (Count II) (63 O.S.Supp.2012, § 2-402) both counts After Former Conviction of Two or More Felonies, in the District Court of Tulsa County, Case No. CF-2016-3548. The jury recommended as punishment forty (40) years in prison in Count I and twelve (12) years in prison in Count II, with a $10,000.00 fine in each count. The trial court sentenced accordingly, ordering the sentences to be served consecutively. It is from this judgment and sentence that Appellant appeals.
¶2 Appellant raises the following propositions of error in support of his appeal:
I. The trial judge erred by allowing evidence of a prior conviction to be used as "identity" evidence and common scheme or plan evidence. 
II. The evidence was insufficient to convict Appellant of the charge of Endeavoring to Manufacture. 
III. The evidence was insufficient to prove that Appellant possessed methamphetamine.
IV. Evidentiary Harpoons deprived Appellant of a fair trial and due process of law.
V. The officer rendered an improper expert opinion.
VI. The trial court erred by admitting evidence about red phosphorous when no red phosphorous was found in this case. 
VII. Prosecutorial misconduct deprived Appellant of a fair trial.
VIII. Ineffective assistance of counsel deprived Appellant of a fair trial and due process of law. 
IX. The sentences were excessive. 
X. Cumulative error deprived Appellant of a fair trial. 
¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence no relief is warranted. 
¶4 In Proposition I, Appellant contends the trial court erred in admitting evidence that in 2000 he operated a methamphetamine lab out of his home. The trial court admitted the evidence under the identity exception to the rule against admission of other crimes evidence under 12 O.S.2011, § 2404(B). Appellant argues on appeal that the evidence was improperly admitted as it does not prove his identity as the operator of the methamphetamine lab in the present case.
¶5 In admitting the evidence, the trial judge explained that he determined the identity exception was the most appropriate exception because of defense counsel's argument that Appellant had no knowledge of the working methamphetamine lab found in the detached garage of the home he shared with his parents, and that it was others who were coming and going from the garage who were actually manufacturing the methamphetamine. In light of Appellant's timely objection, our review of the trial court's admission of the evidence is for an abuse of discretion. Marshall v. State, 2010 OK CR 8, ¶ 24, 232 P.3d 467, 474. An abuse of discretion is a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented. Id. 
¶6 "The general rule is that, when an accused is placed on trial, he is to be convicted by evidence that shows him guilty of the offense charged and not of other offenses not connected with the charged offenses." Williams v. State, 2008 OK CR 19, ¶ 36, 188 P.3d 208, 218-219. "Evidence that a defendant committed other crimes, however, is admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Id. Title 12 O.S.2011, § 2404(B) provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.
¶7 "Identity can be proven by a highly peculiar method of committing a crime." Williams, 2008 OK CR 19, ¶ 37, 188 P.3d at 218-219, citing Driskell v. State, 1983 OK CR 22, ¶ 25, 659 P.2d 343, 349. "[T]he identity exception . . . 'requires unique similarities between the crimes amounting to a 'signature'". Neloms v. State, 2012 OK CR 7, ¶ 14, 274 P.3d 161, 164. "Identity is the more appropriate label for . . . signature evidence because distinctive methods of operation are indicative of who perpetrated the crime." Williams, 2008 OK CR 19, ¶ 37, 188 P.3d at 219, quoting Welch v. State, 2000 OK CR 8, ¶ 11, 2 P.3d 356, 366.
¶8 However, the terms "signature crimes" or "signature evidence" do not require that the crimes be identical in all respects but merely that they share unique or unusual aspects from which one might reasonably infer that both were committed by the same person. See U.S. v. Porter, 881 F.2d 878, 887 (10th Cir. 1989) ("evidence of another crime need not be identical to the crime charged, but need only be similar and share with it 'elements that possess 'signature quality'"). In Pickens v. State, 1988 OK CR 35, 751 P.2d 742, without using the term "signature crime", this Court found sufficient similarities where both robberies were committed just across the county line, using the same weapon and mask, stating:
We find that the evidence of the Tulsa County robbery was admissible to prove the identity of the perpetrator or a common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other.
1988 OK CR 35, ¶ 3, 751 P.2d at 743.
¶9 Similarly, where evidence from one crime shows up at another scene, proof of the former might be probative in proving identity as to the latter crime, even though no highly peculiar method of carrying out the crimes is present. Williams, 2008 OK CR 19, ¶ 39, 188 P.3d at 219.
¶10 This proposition presents a unique legal challenge to our ability to interpret the identity exception set out in § 2404(B) in such a manner that the exception does not swallow the rule. In an in-camera hearing, the trial judge compared the 2000 offense to the current case, reviewing a long list of similarities in the implements and ingredients between the 2016 lab and the 2000 lab before determining the evidence was admissible under the identity exception.
¶11 During its case-in-chief, the State presented testimony from Forrest Smith, a member of the Narcotics Team of the Sand Springs Police Department in 2000. He testified that he assisted in the execution of a search warrant at Appellant's residence in January 2000. Smith said that ingredients and materials were found which showed an operational methamphetamine lab using the red phosphorous method of cooking. He gave a partial listing of the items found in the operating lab.
¶12 Smith testified that he had no involvement in the investigation into the 2016 lab, but he could state that based upon his review of the evidence, it did not involve the red phosphorous method but was a "one-pot shake-and-bake method" of cooking the methamphetamine. He said that technology in methamphetamine production had changed over time and the red phosphorous method was no longer commonly seen. He said there were currently at least 20 different methods of manufacturing methamphetamine and that the "one-pot" method was now the most commonly seen.
¶13 Also testifying for the State was Detective Kimura of the Sand Springs Police Department. He testified that during his investigation into the lab found in 2016, all the ingredients and materials necessary for an operational methamphetamine lab were present. Det. Kimura explained that the ingredients and materials showed that the "one-pot shake-and-bake method" was being used to make the methamphetamine, and not the red phosphorous method.
¶14 The use of the identity exception must be narrowly construed to conform to the rule set out in § 2404(B) and our case law. Here, the similarities between the 2000 lab and the 2016 lab were not sufficient to establish a signature or distinctive method of committing the crime of manufacturing methamphetamine. The evidence merely showed two different instances of clandestinely making methamphetamine, each using the recipe and method in common use at that particular point in history. Therefore, the trial court abused its discretion in admitting evidence of the 2000 offense under the identity exception.
¶15 However, we find the evidence of the 2000 lab was properly admissible under the knowledge exception to the other crimes prohibition. Appellant claimed he had no knowledge that the tools and materials discovered in the garage where he operated his granite business could be used to manufacture methamphetamine. Evidence that he operated a methamphetamine lab in the past was relevant to prove his knowledge of the use and purposes of the tools and materials found in his garage in 2016. See 12 O.S.2011, § 2401 (relevant evidence is any evidence "having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").
¶16 Additionally, the error in this case was harmless as the evidence of the 2000 lab did not have a substantial influence on the outcome, or leave this Court with grave doubts as to whether it had such an effect. See Simpson v. State, 1994 OK CR 40, ¶ 37, 876 P.2d 690, 702. As discussed in Proposition II, sufficient evidence, apart from the 2000 offense, was presented to show that Appellant was the person operating the methamphetamine lab. Regarding evidence of the 2000 offense, Appellant admitted on the witness stand that in 2000 he pled guilty to the offense of manufacturing methamphetamine. He also admitted that he knew how to make methamphetamine.
¶17 We take this opportunity to emphasize that the focus is on the similarities of the facts when comparing cases for the purpose of using prior acts to establish the identity exception to the rule. The prosecution is prohibited from merely putting into evidence a prior conviction and then arguing, "he did it then so he must have done it this time." The exception requires the examination of the facts in each case and trial judges should act as a gatekeeper to the evidence before allowing it to the jury.
¶18 Under the circumstances in this case, we find the State's evidence of the 2000 offense did not have a substantial influence on the outcome of the trial and no relief is warranted. This proposition is denied.
¶19 In Proposition II, Appellant challenges the sufficiency of the evidence supporting his conviction for endeavoring to manufacture methamphetamine. He argues that the State's reliance on his mere proximity to the lab, officers' suspicions, and the fact that he had a prior conviction for manufacturing methamphetamine was insufficient to prove that he knowingly and intentionally endeavored to manufacture methamphetamine.
¶20 We review Appellant's challenge to the sufficiency of the evidence supporting his conviction in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Mitchell v. State, 2018 OK CR 24, ¶ 11, 424 P.3d 677, 682. In reviewing sufficiency of the evidence claims, this Court does not reweigh conflicting evidence or second-guess the decision of the fact-finder; we accept all reasonable inferences and credibility choices that tend to support the verdict. Id. "The credibility of witnesses and the weight and consideration to be given to their testimony are within the exclusive province of the trier of facts." Rutan v. State, 2009 OK CR 3, ¶ 49, 202 P.3d 839, 849.
¶21 The State's evidence was much more than that characterized by Appellant. Two witnesses placed Appellant in the garage housing the lab and actively participating in the manufacturing process. Experienced police officers testified that all of the ingredients and implements necessary for an operating methamphetamine lab were present, including the distinctive odor and freshly manufactured product. Appellant's claimed ignorance of the lab, despite his admission that everything in the garage belonged to him and was part of his granite business, was rightly found by the jury to be less than credible. See Bland v. State, 2000 OK CR 11, ¶ 29, 4 P.3d 702, 714. Reviewing the evidence in the light most favorable to the State, we find any rational trier of fact could have found Appellant guilty of endeavoring to manufacture methamphetamine beyond a reasonable doubt. This proposition is denied.
¶22 In Proposition III, Appellant challenges the sufficiency of the evidence supporting his conviction in Count II for unlawful possession of methamphetamine. He argues there was no evidence that he actually possessed any of the methamphetamine found in his bedroom.
¶23 Possession of illegal drugs can be actual or constructive, Hill v. State, 1995 OK CR 28, ¶ 34, 898 P.2d 155, 166, joint or single. Miller v. State, 1978 OK CR 54, ¶ 8, 579 P.2d 200, 202. This is a case of constructive possession as the illegal drugs were not found on Appellant's person. Constructive possession can be established through circumstantial evidence proving a defendant knows of the presence of the drugs and has the power and intent to control their disposition or use. Hill, 1995 OK CR 28, ¶ 34, 898 P.2d at 166. A defendant's knowledge and intent can be proved by circumstantial evidence. Id. However, mere proximity to the illegal drug is not sufficient to sustain the State's burden of proof. Id. Proof of knowing possession of drugs is often solely circumstantial, and thus requires that guilt be determined through a series of inferences. Johnson v. State, 1988 OK CR 246, ¶ 6, 764 P.2d 530, 532. Even in the absence of proof of possession and exclusive control, constructive possession may still be proven if "there are additional independent factors showing [the accused's] knowledge and control." Id. Such independent factors may consist of "incriminating conduct by the accused, ... or any other circumstance from which possession may be fairly inferred." Id.
¶24 Here, there were sufficient independent factors indicating Appellant's knowledge and control of the methamphetamine found in his bedroom. Reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found beyond a reasonable doubt that Appellant was in possession of the methamphetamine found in his bedroom. See Smith v. State, 1985 OK CR 40, ¶ 9, 698 P.2d 482, 485 (sufficient evidence of joint, constructive possession to sustain conviction). Accordingly, this proposition is denied.
¶25 In Proposition IV, Appellant contends he was denied a fair trial by the interjection of several evidentiary harpoons. An evidentiary harpoon occurs when an experienced police officer makes a voluntary, willfully jabbed statement injecting other crimes, which is both calculated to prejudice, and is actually prejudicial to, the rights of the defendant. Martinez v. State, 2016 OK CR 3, ¶ 60, 371 P.3d 1100, 1115.
¶26 The first alleged harpoon was met with an objection and request for a mistrial. After hearing argument, the trial court overruled the objection, denied the motion for mistrial, but admonished the jury not to consider the challenged testimony. This admonishment cured any error. Hager v. State, 1983 OK CR 88, ¶ 9, 665 P.2d 319, 323.
¶27 The remaining two alleged harpoons were not met with contemporaneous objections. Therefore, our review is for plain error. See Soriano v. State, 2011 OK CR 9, ¶ 41, 248 P.3d 381, 398. Under the plain error test set forth in Simpson v. State, 1994 OK CR 40, 876 P.2d 690, we determine whether Appellant has shown an actual error, which is plain or obvious, and which affects his or her substantial rights. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Id. See also Jackson v. State, 2016 OK CR 5, ¶ 4, 371 P.3d 1120, 1121; Levering v. State, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395; Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. We find no error and thus no plain error in either response by Sgt. Willits. This proposition is denied.
¶28 In Proposition V, we find no error, and thus no plain error in testimony by Sgt. Willits that based upon his review of the evidence, a resident at the house had been manufacturing methamphetamine. See Soriano, 2011 OK CR 9, ¶ 41, 248 P.3d at 398. Sgt. Willits' testimony was based on his training and experience. Police officers are allowed to give opinion testimony based on their training and experience. Andrew v. State, 2007 OK CR 23, ¶ 80, 164 P.3d 176, 196, overruled on other grounds, Williamson v. State, 2018, OK CR 15, 422 P.3d 752.
¶29 In Proposition VI, Appellant argues the trial court erred in admitting evidence of red phosphorous when red phosphorous was not an issue in the case. Appellant asserts the trial was full of references to red phosphorous, yet he fails to cite to any such references in the record. Appellant's failure to cite portions of the record where the alleged error can be found waives the allegation for appellate review under Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2020). Logsdon v. State, 2010 OK CR 7, ¶ 41, 231 P.3d 1156, 1169-70.
¶30 In Proposition VII, Appellant contends that he was deprived of a fair trial by the prosecutor: 1) injecting her personal opinion of guilt; 2) misstating the law; 3) vouching for the credibility of prosecution witness Kristopher Hill; 4) invoking societal alarm; 5) misrepresenting the facts; and 6) casting aspersions on defense counsel. We evaluate alleged prosecutorial misconduct within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel. Sanders v. State, 2015 OK CR 11, ¶ 21, 358 P.3d 280, 286. We will reverse the judgment or modify the sentence only where grossly improper and unwarranted argument affects a defendant's rights. Id. Relief will be granted on claims of prosecutorial misconduct only where the prosecutor committed misconduct that so infected the defendant's trial that it was rendered fundamentally unfair, such that the jury's verdicts should not be relied upon. Id.
¶31 The majority of the numerous statements and arguments now challenged on appeal were not met with contemporaneous objections at trial. Therefore, our review is for plain error under the test set forth above. See Malone v. State, 2013 OK CR 1, ¶ 40, 293 P.3d 198, 211. We have thoroughly reviewed Appellant's claims of prosecutorial misconduct and find the majority of the comments were properly based on the evidence. Regarding comments made in closing argument, we have long allowed counsel for the parties a wide range of discussion and illustration in closing argument and counsel enjoy a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. Sanders, 2015 OK CR 11, ¶ 21, 358 P.3d at 286. Comments made in closing argument are not evidence, Smith v. State, 1986 OK CR 158, ¶ 25, 727 P.2d 1366, 1372, and the jury in this case was so informed. The jury was also properly instructed not to let sympathy, sentiment or prejudice enter into their deliberations. Any errors in the prosecutor's arguments do not rise to the level of plain error and do not warrant relief.
¶32 Of the two remaining challenged comments met with objections, one instance is described by Appellant as expression of the prosecutor's personal opinion of guilt. In that instance, the objection was sustained. This ruling cured any error. Young v. State, 2000 OK CR 17, ¶ 50, 12 P.3d 20, 37.
¶33 The remaining instance is described by Appellant as improperly invoking societal alarm. The objection in this instance was properly overruled as the comment did not meet the criteria of a statement invoking societal alarm. The comment did not imply that the jury should make an example of Appellant in order to deter others or mention other crimes committed by other persons and not attributable to the defendant. See McElmurry v. State, 2002 OK CR 40, ¶ 151, 60 P.3d 4, 34.
¶34 A review of the record and Appellant's claims of prosecutorial misconduct show that the prosecutor's conduct was not so improper or prejudicial as to have infected the trial so that it was rendered fundamentally unfair. While certain statements by the prosecutor may have exceeded the bounds of proper comment, we cannot find that whether considered individually or cumulatively they were so prejudicial as to deny Appellant a fair trial. See Childress v. State, 2000 OK CR 10, ¶ 31, 1 P.3d 1006, 1014. As the prosecutor's misconduct did not determine the verdict or result in a miscarriage of justice, no relief is warranted. Pack v. State, 1991 OK CR 109, ¶ 17, 819 P.2d 280, 284, citing 20 O.S. § 3001.1. This proposition is denied.
¶35 In Proposition VIII, Appellant claims he was denied the effective assistance of counsel by counsel's failure to object to two of the evidentiary harpoons and to several instances of prosecutorial misconduct. Appellant makes no further argument but directs us to his arguments in Propositions IV, V, and VII.
¶36 The failure to argue how counsel's omissions rendered his performance ineffective, the failure to cite any supporting case law, and the failure to cite relevant portions of the record waives this claim for appellate review. See Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2020).
¶37 In Proposition IX, Appellant contends the trial court's failure to run his sentences concurrently resulted in an excessive sentence and warrants a downward modification of his sentence. This Court will not modify a sentence within the statutory range unless, considering all the facts and circumstances, it shocks our conscience. Pullen v. State, 2016 OK CR 18, ¶ 16, 387 P.3d 922, 928; Gomez v. State, 2007 OK CR 33, ¶ 18, 168 P.3d 1139, 1146; Rea v. State, 2001 OK CR 28, ¶ 5, 34 P.3d 148, 149. Appellant's sentences of 40 years in Count I and 12 years in Count II were within permissible statutory range. 
¶38 Prison sentences are to run consecutively unless the trial judge, in his or her discretion, rules otherwise. 22 O.S.2011, § 976. See also Neloms, 2012 OK CR 7, ¶ 35, 274 P.3d at 170. An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue. Id. The trial court's decision to run the sentences consecutively was not an abuse of discretion as it did not result in an excessive sentence. No modification of the sentence is warranted.
¶39 In Proposition X, Appellant argues the accumulation of errors denied him a fair trial. This Court has held that a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by Appellant. Engles v. State, 2015 OK CR 17, ¶ 13, 366 P.3d 311, 316; Williams v. State, 2001 OK CR 9, ¶ 127, 22 P.3d 702, 732. None of the errors raised by Appellant warrant relief. Therefore, we find no relief is warranted by the accumulation of errors.
¶40 Accordingly, this appeal is denied.
DECISION
¶41 The JUDGMENT and SENTENCE is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2020), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE WILLIAM LAFORTUNE, DISTRICT JUDGE




APPEARANCES AT TRIAL
STEVEN VINCENT
P.O. BOX 701765
TULSA, OK 74170
COUNSEL FOR THE DEFENSE
STEVE KUNZWEILER
DISTRICT ATTORNEY
RAY PENNEY
DANNY LEVY
ASST. DISTRICT ATTORNEYS
500 S. DENVER, STE. 900
TULSA, OK 74103
COUNSEL FOR THE STATE

 
OPINION BY: LUMPKIN, J.
LEWIS, P.J.: Concur in Result
KUEHN, V.P.J.: Concur in Result
HUDSON, J.: Concur
ROWLAND, J.: Concur

APPEARANCES ON APPEAL
LISBETH L. McCARTY
P.O. BOX 926
NORMAN, OK 73070
COUNSEL FOR APPELLANT
MIKE HUNTER
ATTORNEY GENERAL OF OKLAHOMA
WILLIAM R. HOLMES
THEODORE M. PEEPER
ASST. ATTORNEYS GENERAL
313 N.E. 21ST ST.
OKLAHOMA CITY, OK 73105
COUNSEL FOR THE STATE 




KUEHN, V.P.J., CONCURRING IN RESULT:
¶1 I agree that Appellant's convictions and sentences should be affirmed, but disagree with the analysis of Proposition I. Appellant claimed he did not know that there was a red-phosphorus methamphetamine lab at his home. The State sought to introduce evidence that, in 2000, Appellant operated a shake-and-bake methamphetamine lab in his garage. The trial court inexplicably admitted this evidence to show identity under 12 O.S.2011, § 2404(B). The Majority feels compelled to reformulate the "identity" exception -- in fact, it appears to make the exception less stringent -- but at the end of the day, concludes that the evidence at issue here still does not pass that test. I do not quarrel with the Majority's explanation on identity exception, but fail to see the necessity of laying new groundwork, creating a complexity where none exists.
¶2 The trial proceeding itself holds the answer; the prosecutor argued that the evidence should be admitted not for identity, but to show knowledge. This is correct. I believe the evidence was clearly admissible to show knowledge under § 2404(B). 12 O.S.2011, § 2404(B); Tafolla v. State, 2019 OK CR 15, ¶ 11, 446 P.3d 1248, 1256. The trial court reached the correct result, but for the wrong reason. Because the result was right, I would not find the trial court abused its discretion in admitting the evidence. McClendon v. State, 1989 OK CR 29, ¶ 7, 777 P.2d 948, 951. Since I would neither find error, nor conduct a harmless error analysis, I do not join in the Majority's finding that admission of the evidence was harmless.
¶3 I am authorized to state Presiding Judge Lewis joins in this separate opinion.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 35, 751 P.2d 742, PICKENS v. STATE
Discussed at Length
 1988 OK CR 246, 764 P.2d 530, JOHNSON v. STATE
Discussed
 1989 OK CR 29, 777 P.2d 948, McCLENDON v. STATE
Discussed
 1991 OK CR 109, 819 P.2d 280, PACK v. STATE
Discussed
 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed at Length
 1995 OK CR 28, 898 P.2d 155, HILL v. STATE
Discussed at Length
 1978 OK CR 54, 579 P.2d 200, MILLER v. STATE
Discussed
 2001 OK CR 9, 22 P.3d 702, 72 OBJ 1068, WILLIAMS v. STATE
Discussed
 2001 OK CR 28, 34 P.3d 148, 72 OBJ 2959, REA v. STATE
Discussed
 2002 OK CR 40, 60 P.3d 4, McELMURRY v. STATE
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2007 OK CR 23, 164 P.3d 176, ANDREW v. STATE
Discussed
 2007 OK CR 33, 168 P.3d 1139, GOMEZ v. STATE
Discussed
 2008 OK CR 19, 188 P.3d 208, WILLIAMS v. STATE
Discussed at Length
 2009 OK CR 3, 202 P.3d 839, RUTAN v. STATE
Discussed
 2010 OK CR 7, 231 P.3d 1156, LOGSDON v. STATE
Discussed
 2010 OK CR 8, 232 P.3d 467, MARSHALL v. STATE
Discussed
 2011 OK CR 9, 248 P.3d 381, SORIANO v. STATE
Discussed at Length
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed at Length
 2013 OK CR 1, 293 P.3d 198, MALONE v. STATE
Discussed
 2013 OK CR 19, 315 P.3d 392, LEVERING v. STATE
Discussed
 2015 OK CR 11, 358 P.3d 280, SANDERS v. STATE
Discussed at Length
 2015 OK CR 17, 366 P.3d 311, ENGLES v. STATE
Discussed
 2016 OK CR 3, 371 P.3d 1100, MARTINEZ v. STATE
Discussed
 2016 OK CR 5, 371 P.3d 1120, JACKSON v. STATE
Discussed
 2016 OK CR 18, 387 P.3d 922, PULLEN v. STATE
Discussed
 2018 OK CR 15, 422 P.3d 752, WILLIAMSON v. STATE
Cited
 2018 OK CR 24, 424 P.3d 677, MITCHELL v. STATE
Discussed
 2019 OK CR 15, 446 P.3d 1248, TAFOLLA v. STATE
Discussed
 2000 OK CR 8, 2 P.3d 356, 71 OBJ 989, Welch v. State
Discussed
 2000 OK CR 10, 1 P.3d 1006, 71 OBJ 1303, Childress v. State
Discussed
 2000 OK CR 11, 4 P.3d 702, 71 OBJ 1304, Bland v. State
Discussed
 1983 OK CR 22, 659 P.2d 343, DRISKELL v. STATE
Discussed
 1983 OK CR 88, 665 P.2d 319, HAGER v. STATE
Discussed
 1985 OK CR 40, 698 P.2d 482, SMITH v. STATE
Discussed
 2000 OK CR 17, 12 P.3d 20, 71 OBJ 2286, Young v. State
Discussed
 1986 OK CR 158, 727 P.2d 1366, SMITH v. STATE
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2401, Relevant Evidence Defined
Cited
 12 O.S. 2404, Character Evidence Not Admissible to Prove Conduct - Exceptions - Other Crimes
Discussed at Length
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 976, Multiple Offenses - Consecutive or Concurrent Sentences - State Funds
Cited
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-402, Prohibited Acts B - Penalties
Cited
 63 O.S. 2-408, Endeavor and Conspiracy
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA