OLVERA v. STATE
2024 OK CR 28
Case Number: F-2023-102
Decided: 10/17/2024
JORDI EDUARDO OLVERA, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2024 OK CR 28, __ __

 

 

SUMMARY OPINION

MUSSEMAN, VICE PRESIDING JUDGE:

¶1 Appellant, Jordi Eduardo Olvera, appeals his Judgment and Sentence from the District Court of Oklahoma County, Case No. CF-2021-899, Count 1, Murder in the First Degree, in violation of 21 O.S.Supp.2012, § 701.721 O.S.2011, § 143121 O.S.2011, § 143121 O.S.2011, § 1161.1

¶2 The Honorable Heather E. Coyle, District Judge, presided over the jury trial held August 29 through September 1, 2022. At the conclusion of trial, the jury assessed a sentence of life on Count 1; twelve years imprisonment on Counts 2 and 3; and seven years imprisonment on Count 4. At formal sentencing the State announced its dismissal of Count 2 due to its merger with Count 1. Judge Coyle sentenced Mr. Olvera in accordance with the jury's verdicts in the remaining counts and ordered the sentences to run consecutively.

I. whether Appellant's custodial statement should have been suppressed because it was the fruit of an illegal and unlawful arrest;

II. whether the trial court erred by admitting the custodial interrogation of Appellant after the invocation of his Fifth Amendment right to counsel;

III. whether the evidence was insufficient to prove the elements of Count 4 -- desecration of a human corpse;

IV. whether Appellant was denied the effective assistance of counsel;

V. whether the sentence imposed against Appellant was excessive; and

VI. whether Appellant was deprived of his right to a fair trial due to the accumulation of errors that occurred.

¶3 We affirm the Judgment and Sentence of the district court.

I.

¶4 In his first proposition, Appellant claims that his statement should have been excluded from trial as it was made following an unlawful arrest. Appellant's counsel did not challenge introduction of the statement at trial on the basis of unlawful arrest; he only objected on the basis that the statement was not voluntarily made.

¶5 "This Court has long held that failure to timely object to the legality of an arrest prior to entering a plea to the charges waives appellate review of the issue." Darks v. State, 1998 OK CR 15954 P.2d 152Clayton v. State, 1992 OK CR 60840 P.2d 18Holliday v. State, 1988 OK CR 105755 P.2d 124Carter v. State, 1987 OK CR 128738 P.2d 562Miles v. State, 1966 OK CR 102416 P.2d 964Phillips v. State, 1999 OK CR 38989 P.2d 1017Washington v. State, 2023 OK CR 22541 P.3d 852Chapman v. California, 386 U.S. 18 (1967). We take this opportunity to clearly inform the bench and bar that a failure to preserve a challenge to the admissibility of evidence obtained from an allegedly unlawful arrest waives appellate review for all but plain error, as set forth in Washington.

¶6 Our plain error review requires the defendant to prove: (1) the existence of an actual error, i.e., deviation from a legal rule; (2) that the error is plain or obvious; and (3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding. Washington¸ 2023 OK CR 22Hogan v. State, 2006 OK CR 19139 P.3d 907Id.

¶7 As a general rule, a statement obtained through custodial interrogation after an illegal arrest should be excluded unless the chain of causation between the illegal arrest and the statement is sufficiently attenuated so that the confession was "sufficiently an act of free will to purge the primary taint." Wong Sun v. United States, 371 U.S. 471, 486 (1963). See also Matthews v. State, 1998 OK CR 3953 P.2d 336Brown v. Illinois, 422 U.S. 590, 599 (1975). The U.S. Supreme Court in Brown set forth the following factors to consider when reviewing whether the taint has been purged: (1) giving of Miranda warnings; (2) temporal proximity of the statement to the arrest; (3) presence of intervening circumstances; and (4) purpose and flagrancy of the official misconduct. Id.

¶8 As Appellant did not move to suppress the statement or object to its introduction as following an unlawful arrest, the record is inadequate to determine if Appellant's arrest was unlawful or if an error was made in its admission. Despite our inability to thoroughly review whether any error occurred at trial, we are still able to resolve Appellant's claim as he cannot show that the admission of the statement affected the outcome of the trial.

¶9 The evidence presented during trial, without Appellant's recorded statement, included his codefendants' testimony and direct evidence that Appellant planned the burglaries; shot the victim seven times causing injuries to his lungs, spinal cord, heart, and intestines; returned to the scene after the victim's death; stabbed the victim's body during that return; and removed the victim's finger to gain access to the victim's cell phone. Additionally, the victim's property was found in Appellant's bedroom, and shell casings from the same gun used during the homicide were found in Appellant's bathroom trashcan. As the evidence outside of his recorded statement overwhelmingly showed Appellant's guilt, he is not entitled to relief. Proposition I is denied.

II.

¶10 Appellant's second proposition claims that his statement was made after he invoked his right to have counsel present. Appellant's counsel objected to introduction of the statement during trial, so we will review the admission for an abuse of discretion. Fuentes v. State, 2021 OK CR 18 Pullen v. State, 2016 OK CR 18387 P.3d 922Neloms v. State, 2012 OK CR 7274 P.3d 161

¶11 The trial court is given considerable deference in deciding to admit or exclude evidence and we will not disturb the trial court's decision absent an abuse of discretion. Pavatt v. State, 2007 OK CR 19159 P.3d 272

Under Jackson-Denno, the district court must decide: 1) whether relinquishment of Fifth Amendment rights was voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception; and 2) whether the waiver was made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Runnels v. State, 2018 OK CR 27426 P.3d 614

Hammick v. State, 2019 OK CR 21449 P.3d 1272Taylor v. State, 2018 OK CR 6419 P.3d 265Davis v. State, 2004 OK CR 36103 P.3d 70

¶12 A review of the entire record, including Appellant's mention of having an attorney, the following reading of Miranda warnings and waiver, as well as the full statement, supports the trial court's findings that the statement was given freely and that Appellant understood the effect of waiving his rights. The conclusion of the trial court that the waiver was knowing and voluntary was not clearly erroneous or contrary to the logic and effect of the facts presented. Proposition II is denied.

III.

¶13 Appellant's third proposition challenges the State's proof of the charged offense of desecration of a human corpse. Specifically, Appellant asserts that the State failed to present evidence to prove the third element of the offense.

¶14 The ultimate question of sufficiency of the evidence should be resolved with deference to the fact finder and in a light most favorable to the State. Cornelius v. State, 2023 OK CR 14534 P.3d 715Dodd v. State, 2004 OK CR 31100 P.3d 1017Spuehler v. State, 1985 OK CR 132709 P.2d 202Wall v. State, 2020 OK CR 9465 P.3d 227See also Coddington v. State, 2006 OK CR 34142 P.3d 437Mason v. State, 2018 OK CR 37433 P.3d 1264Mitchell v. State, 2018 OK CR 24424 P.3d 677McDaniel v. Brown, 558 U.S. 120, 130-31 (2010). We examine pieces of evidence together in context rather than in isolation, and we will affirm a conviction so long as, from the inferences reasonably drawn from the record as a whole, the jury might fairly have concluded the defendant was guilty beyond a reasonable doubt. Mason, 2018 OK CR 37

¶15 The jury was instructed, in an instruction agreed upon by the parties, that in order to prove desecration of a human corpse beyond a reasonable doubt, the State had to show that Appellant had knowingly and willfully desecrated a human corpse for the purpose of tampering with evidence of a crime. 21 O.S.2011, § 1161.1

¶16 Review of the entire record, viewed in the light most favorable to the State, shows that sufficient evidence was presented for the jury to find Appellant guilty. Proposition III is denied.

IV.

¶17 Appellant's fourth proposition alleges that he was denied effective assistance of counsel because his trial counsel failed to object to the admission of his interrogation as being obtained after an unlawful arrest. This Court reviews claims of ineffective assistance of counsel de novo, to determine whether counsel's constitutionally deficient performance, if any, prejudiced the defense so as to deprive the defendant of a fair trial with reliable results. Strickland v. Washington, 466 U.S. 668, 687 (1984); Malone v. State, 2013 OK CR 1293 P.3d 198Strickland, a petitioner must show both (1) deficient performance, by demonstrating that his counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-89. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

¶18 Strickland's demanding standard for deficient performance is satisfied only by proof of unprofessional errors so serious that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Browning v. State, 2006 OK CR 8134 P.3d 816Id. at ¶ 14, 134 P.3d at 831. Additionally, we will not find counsel ineffective for failing to raise an objection which would have been overruled. Phillips, 1999 OK CR 38See Malone, 2013 OK CR 1Strickland, 466 U.S. at 697.

¶19 As we determined in Proposition I that admission of Appellant's statement did not affect the outcome of the trial, Appellant cannot demonstrate prejudice resulting from the representation he received at trial. Proposition IV is denied.

V.

¶20 In his fifth proposition, Appellant alleges that the trial court improperly subjected him to an excessive sentence by running his sentences consecutively. Appellant admits that the sentences imposed are within the range of punishment provided by law but asks that the Court at least run the sentences concurrently with each other.

¶21 "This Court will not modify a sentence within the statutory range unless, considering all the facts and circumstances, it shocks our conscience." Wall, 2020 OK CR 9See also Bever v. State, 2020 OK CR 13467 P.3d 693Wall, 2020 OK CR 922 O.S.2011, § 976Holtzclaw v. State, 2019 OK CR 17448 P.3d 1134

¶22 The State proved Appellant committed the crimes of first degree felony murder, first degree burglary, and desecrating a human corpse. The jury recommended the minimum sentences available for murder and desecration, and a sentence on the lower end of the range available for the burglary conviction. The trial court imposed the sentences assessed by the jury. Appellant has not shown that the sentences, under all of the circumstances, are shocking to the conscience. Proposition V is denied.

VI.

¶23 In his final proposition, Appellant claims that cumulative error deprived him of a fair trial. "The cumulative error doctrine applies when several errors occurred at the trial court level, but none alone warrants reversal." Tafolla v. State, 2019 OK CR 15446 P.3d 1248Kurtanic v. State, 2023 OK CR 13534 P.3d 1055

DECISION

¶24 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF OKLAHOMA
COUNTY, THE HONORABLE HEATHER E. COYLE,
DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 MICHAEL A. TREVINO
 ATTORNEY AT LAW
 1800 EAST MEMORIAL ROAD
 SUITE 101
 OKLAHOMA CITY, OK 73131
 ATTORNEY FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 JARROD H. STEVENSON
 STEVENSON LAW FIRM, PLLC
 P.O. BOX 2260
 OKLAHOMA CITY, OK 73101
 COUNSEL FOR APPELLANT
 
 
 
 
 RACHEL THOMPSON
 RICKY LUTZ
 ASST. DISTRICT ATTORNEYS
 320 ROBERT S. KERR AVE.,
 SUITE 505
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR STATE
 
 
 GENTNER F. DRUMMOND
 ATTORNEY GENERAL OF
 OKLAHOMA
 SAMANTHA K. OARD
 ASSISTANT ATTORNEY
 GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: MUSSEMAN, V.P.J.
ROWLAND, P.J.: Concur
LUMPKIN, J.: Concurr
LEWIS, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

21 O.S.Supp.2015, § 13.1