OSCN Found Document:SORRELL v. STATE

 

 
 SORRELL v. STATE2026 OK CR 16Case Number: F-2025-17Decided: 04/30/2026THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2026 OK CR 16, __ P.3d __

 

LONNIE KEITH SORRELL, Appellant,
v.
THE STATE OF OKLAHOMA, Appellee.

OPINION

LUMPKIN, PRESIDING JUDGE:

¶1 Appellant, Lonnie Keith Sorrell, was tried by jury and convicted in the District Court of McClain County, Case No. CF-2023-1905 of Counts 1-3, Lewd or Indecent Acts with a Child under Twelve, in violation of 21 O.S.Supp.2018, § 1123

¶2 From this judgment and sentence, Appellant appeals and raises the following propositions of error:

I. THE PROSECUTOR INVADED THE PROVINCE OF THE JURY BY USING WITNESSES TO BOLSTER THE CREDIBILITY OF THE COMPLAINING WITNESS.

II. UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE, THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ORDERING ALL THREE SENTENCES TO RUN [C]ONCURRENTLY.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence, Appellant is not entitled to relief.

I.

¶4 In his first proposition of error, Appellant maintains the prosecutor committed misconduct when he elicited testimony, which allegedly bolstered the testimony of the victim, WB, from Krystal Williams, Charlene Sorrell and Latisha Sorrell, who all testified prior to WB. all v. State, 2020 OK CR 9465 P.3d 227Simpson v. State, 1994 OK CR 40876 P.2d 690Id., 1994 OK CR 40.

¶5 This Court reviews claims of prosecutorial misconduct "within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel." Mitchell v. State, 2010 OK CR 14235 P.3d 640Sanders v. State, 2015 OK CR 11358 P.3d 280.

Our published cases have not defined improper bolstering, but there is a definition found in Nickell v. State, 1994 OK CR 73885 P.2d 670

While the term "bolstering" is not specifically defined in the Evidence Code, its concept is addressed within the provisions of 12 O.S.1991, § 2608See Jackson v. State, 12 Okl.Cr. 406, 157 P. 945See also 4 J. Wigmore, Evidence, § 1104, pp. 233--34 (J. Chadbourn ed. 1972); 3 L. Whinery, Oklahoma Evidence, § 47.31, pg. 377 (1994); United States v. Sherman, 171 F.2d 619, 622 (2d Cir.1948) (Judge Learned Hand reasoned: "[t]he reason for ... exclusion [of an earlier consistent account] is because it has not been made on oath rather than because it has no probative value, although courts have often spoken as though it had none.") Therefore, "bolstering" constitutes nothing more than "preemptive rehabilitation" of a witness. In other words, it is the timing of the evidence based on the anticipated attempt to impeach a witness which is at issue and, to a degree, it is addressed in Section 2608. However, our jurisprudence has vacillated on whether the predicates ultimately codified in the Evidence Code must be followed, especially as it relates to non-opinion evidence.

(emphasis added and footnote omitted). As stated above, bolstering is somewhat addressed pertinently in 12 O.S.2021, § 2608

The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, subject to these limitations: 1. The evidence may refer only to character for truthfulness or untruthfulness; and 2. Evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked.

¶7 Latisha Sorrell, WB's mother. Appellant argues Sorrell's testimony that WB had lied to her in the past and so had her other children, was improper bolstering of WB's testimony. Using the above definition of bolstering as preemptive rehabilitation of a witness, nothing about this testimony served to rehabilitate WB's testimony that Appellant abused her. Nothing about Sorrell's testimony leads to an inference that since WB lies sometimes and so do other children, she was telling the truth at trial. This claim is denied.

¶8 Krystal Williams, WB's school counselor, and Charlene Sorrell, WB's great-grandmother. Appellant contends that both these witnesses engaged in bolstering, to-wit: Williams when she testified that in prior dealings with WB, she determined that WB was truthful and that she never determined that WB was lying about the allegations in this case; and Sorrell when she testified that WB had lied to her in the past but had never lied about someone sexually abusing her.

¶9 The inference from this testimony was that they believed WB was telling the truth about the abuse. Under Section 2608(A), a witness's credibility may be attacked or supported by opinion or reputation evidence "only after the character of the witness for truthfulness has been attacked." The subject witnesses' testimony qualifies as opinion evidence supporting WB's credibility. However, WB's credibility had not been attacked by any evidence prior to their testimony, i.e., they testified before WB.

¶10 The only attack upon WB's credibility prior to Williams' and Sorrell's testimony arguably occurred during defense counsel's opening statement. Counsel told the jury they would hear numerous inconsistencies between WB's prior statements and her testimony and urged jurors to pay attention to the difference between WB's straightforward testimony on direct examination and her much vaguer testimony on cross-examination. He implied that WB had to think about how to answer defense counsel's questions but not the State's and quoted Mark Twain, "[i]f you tell the truth, its [sic] easy to remember." While counsel's opening statement certainly set out the defense theory of the case, it was not evidence. "Statements by the attorneys are not evidence . . .". Young v. State, 2000 OK CR 1712 P.3d 20See also Instruction No. 10-5, OUJI-CR (2d) ("Evidence is the testimony received from the witnesses under oath, stipulations made by the attorneys, and the exhibits admitted into evidence during the trial."). The record shows WB's credibility was not attacked by evidence prior to the subject witnesses' challengedf testimony. Therefore, the testimony constituted improper bolstering.

¶11 In this case the error in the admission of the testimony did not result in a violation of Appellant's substantial rights. This is due to the consistency of WB's testimony with what she told other witnesses. She told Williams that Appellant tried to put his penis inside her, he made her give him oral sex, and he tried to get her to drink beer. Consistent with what she told forensic interviewer Kasey White, WB testified: that Appellant put her on a bed at her Aunt Neesha's house and touched her vagina; that at Charlene Sorrell's house in the back room, Appellant put her on the bed covered in zebra sheets and pressed her head down as she performed oral sex on him in exchange for five dollars; that after the bonfire, Appellant was drinking Bud Light from a cooler, put her on his lap, put his mouth on her breasts, touched her vagina with his fingers and tried to digitally penetrate her; that Appellant also tried to put his penis into her vagina as she sat on his lap and how it hurt her.

¶12 The jury also heard testimony regarding motivation. Both Latisha and Charlene Sorrell testified that WB frequently had her phone taken away as punishment. Any notion that WB fabricated her abuse allegations in retaliation for losing her phone access is belied by the record. Finally, Latisha Sorrell testified she understood that after she tried to confront Appellant about his abuse of WB, he was trying to kill himself and his guns were taken away from him. Such actions on Appellant's part can be seen as evidence of consciousness of guilt. See Dodd v. State, 2004 OK CR 31100 P.3d 1017

¶13 Having found the error in the admission of the complained of testimony did not affect Appellant's substantial rights, we similarly find he has failed to show any misconduct on the part of the prosecutor. Accordingly, Proposition I is denied.

II.

¶14 In his final proposition of error, Appellant argues the trial court abused its discretion by ordering his sentences in Counts 1 and 2 to run consecutively to one another. He contends that the fact that jurors wrote the word "minimum" after their assessment of twenty-five years imprisonment on each count, means they intended for all of his sentences to run concurrently to one another. Review of this claim is for abuse of discretion as Appellant requested concurrent sentences at his sentencing hearing. Riley v. State, 1997 OK CR 51947 P.2d 530Rodriguez v. State, 2025 OK CR 22

¶15 That the trial court ordered Appellant's sentences in Counts 1 and 2 to run consecutively is indicative of nothing more than the trial court's adherence to the statutory directive of 22 O.S.2021, § 976

¶16 Appellant's argument that jurors intended his sentences to run concurrently because they wrote the word "minimum" on the verdict form is completely specious. The jury received no instruction regarding the running of sentences. Thus, the jury could not have intended something it knew nothing about.

¶17 The record reflects Appellant received a generous discretionary sentencing ruling given the jury found him guilty of three counts of sexual abuse of his young granddaughter. There was no abuse of the trial court's discretion. Proposition II is denied.

DECISION

¶18 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2026), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF MCCLAIN COUNTY, THE HONORABLE CHARLES N. GRAY, 
ASSOCIATE DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 DUSTIN S. PHILLIPS
 J. SANTANA SPANGLER-DAY
 1900 NW EXPRESSWAY, 601
 OKLAHOMA CITY, OK 73118
 COUNSEL FOR DEFENDANT
  
 
 APPEARANCES ON APPEAL
 
 MARK P. HOOVER
 OIDS
 1111 N. PETERS, 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT
 
 
 LESLEY SMITH MARCH
 JONATHAN FRIED
 ASS'T DISTRICT ATTORNEYS
 121 N. SECOND STREET
 PURCELL, OK 73080
 COUNSEL FOR STATE
 GENTNER F. DRUMMOND
 ATTORNEY GENERAL
 RANDALL YOUNG
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 

OPINION BY: LUMPKIN, P.J.:
MUSSEMAN, V.P.J.: Concur
LEWIS, J.: Concur
HUDSON, J.: Concur
ROWLAND, J.: Concur

FOOTNOTES

21 O.S.Supp.2015, § 13

See Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2026) (providing, inter alia, that each proposition of error must be set out "separately in the brief"). Relief is denied for this issue, and we review only his primary claim regarding bolstering.